FILED
2017 Aug-30  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARIA CRISTINA COLIN GOMEZ,** | ) |
| **PLAINTIFF,** | ) |
| | ) |
| V. | ) CIVIL ACTION NO._____ |
| | ) |
| **JOSE J. LOPEZ,** | ) |
| **WERNER ENTERPRISES, INC.** | ) |
| | ) |
| **DEFENDANTS.** | ) |

## NOTICE OF REMOVAL

COME NOW the Defendants, **Werner Enterprises, Inc.** and **Jose Lopez,** and file this Notice of Removal in this cause from the Circuit Court of Jefferson County, Alabama, in which it is now pending, to the United States District Court for the Northern District of Alabama, Southern Division, and show unto this Honorable Court the following:

1. On August 3, 2017, Plaintiff Gomez initiated this action by filing a complaint in the Circuit Court of Jefferson County, Alabama styled *Maria Gomez v. Jose Lopez, Werner Enterprises, Inc.*, Civil Action No. 01-CV-2017-903227. The lawsuit arises from a motor vehicle accident of August 17, 2015. Plaintiff Gomez alleges, *inter alia*, that Lopez, while in the line and scope of his employment with

Werner Enterprises, negligently or wantonly operated his tractor-trailer, thereby causing a collision with plaintiff. (Complaint, ¶ 6, 14). Plaintiff further asserts claims for negligent entrustment, negligent/wanton hiring, training, supervision, and/or retention. (Complaint, ¶ 18, 22).

2. The United States District Court for the Northern District of Alabama, Southern Division, encompasses the geographic area of the Circuit Court of Jefferson County, Alabama. The Case Action Summary for this case, from the State Judicial Information System web site, Alacourt.com, is attached as "**Exhibit A**." Copies of all process, pleadings, and orders served in the state court are attached hereto as "**Exhibit B**."

3. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case. "Original jurisdiction requires diversity of the parties or the existence of a federal question." *Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 115 (11th Cir. 2007). This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

### Complete Diversity of Citizenship Exists

4. Complete diversity of citizenship existed among these parties at the time the lawsuit was filed in state court and on the date of this Notice of Removal.[1] Plaintiff is a citizen of Alabama. Ex. B, Complaint, ¶ 1. Werner Enterprises, Inc. is a citizen of Nebraska as it is a foreign corporation that maintains its principal place of business in Omaha, Nebraska. 28 U.S.C. § 1332(c)(1); *see* Ex. B, Complaint, ¶ 3. Defendant Lopez is a citizen of Georgia. Ex. B, Complaint, ¶ 2. Thus, complete diversity exists between the plaintiff and defendants.

### The Amount in Controversy Exceeds $75,000.00

5. The amount in controversy in this action exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs. In her Complaint, plaintiff "demands a judgment for compensatory and punitive damages against the defendants **in excess of the minimum limits of the Circuit Court jurisdictional amount**." Ex. B, Complaint (emphasis supplied).

6. As further support that the amount in controversy is met, plaintiff alleges she suffered injuries to her jaw, mouth and face; she was caused to suffer a seizure; injuries to her back; injuries to her muscles, ligaments and tendons; multiple

---

[1] The citizenship of fictitious defendants is disregarded in determining whether an action is removable on diversity grounds. 28 U.S.C. § 1441(b)(1).

bruises; skin abrasions and cuts; and she was caused to injure her entire body.  Ex. B, Complaint, ¶ 11.  Plaintiff alleges she was "caused to suffer excruciating pain so severe that no one should have to endure and she will be caused to suffer extreme pain in the future."  *Id*. at ¶ 11(h).  Plaintiff also alleges she was "caused to endure a great deal of stress by [her] injuries."  *Id*.  Plaintiff further asserts that she has "incurred hospital, doctor, drug and other medical costs for treating her injuries and she will continue to incur hospital, doctor, drug and other medical costs in the future."  *Id.*  Plaintiff was further "prevented from going about the normal activities of life and will be prevented in the future from going about her normal activities."  *Id.* She is additional seeking damages for mental anguish and property damages for her vehicle and the loss of use thereof. *Id.*  Lastly, Plaintiff seeks an award of compensatory and punitive damages.  *See* Ex. B.  These averments establish the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See Bush v. Winn Dixie Montgomery, LLC*, No. 2:15-cv-1133-WMA, 2015 U.S. Dist. LEXIS 115272, at *3 (N.D. Ala. Aug. 31, 2015) (though complaint lacked ad damnum clause, its allegations that plaintiff incurred medical expenses for "pain and suffering, permanent injuries, continuing injuries, and mental anguish" were sufficient to establish the amount in controversy); Memorandum Opinion and Order at 7-8, *Dina Coleman v. Dollar General Corp.*, No. 2:15-cv-01735-KOB (N.D. Ala.

Dec. 18, 2015) (citing *Roe v. Michelin*) (denying motion to remand where complaint alleged "extreme pain and mental anguish, substantial medical expenses, and permanent injury").

7. This Notice of Removal is timely filed as it has been filed within 30 days from the date of the filing of the summons and complaint. 28 U.S.C. § 1446(b)(1); *Fabre v. Bank of Am., NA*, 523 F. App'x 661, 663 (11th Cir. 2013) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (U.S. 1999)).

8. Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama, and served upon counsel of all adverse parties as provided in 28 U.S.C. § 1446(d). Additionally, a Notice of Filing Notice of Removal, which is attached as **Exhibit C**, is being served upon the plaintiff. Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, this action is properly removed to this Court.

9. By filing this Notice of Removal, Defendants do not waive any of their defenses, including, but not limited to, any defenses under Rule 12, FED. R. CIV. P.

                                              /s/ Andrew P. Anderson
                                              Thomas L. Oliver (asb-3153-r53t)
                                              Andrew P. Anderson (asb-2929-d61a)
                                              *Attorneys for Defendants*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone:  (205) 822-2056
Facsimile:   (205) 822-2057

## CERTIFICATE OF SERVICE

This is to certify that on this the 30th day of August, 2017, a copy of the foregoing document has been served upon all counsel of record listed below by the following method:

   ___         mailing the same by first-class United States mail, properly addressed and postage pre-paid.

   _x_         via E-file

Mary Amari Bruce
Steven Mezrano
MEZRANO LAW FIRM, LLC
1801 Oxmoor Road, Ste 100
Homewood, AL. 35209
*Attorneys for Plaintiff*

                                              /s/ Andrew P. Anderson
                                              OF COUNSEL