EXHIBIT B

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01...<br><br>Date of Filing:<br>08/03/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MARIA CRISTINA COLIN GOMEZ v. JOSE J. LOPEZ ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| AMA009 | 8/3/2017 4:00:48 PM | /s/ MARY AMARI BRUCE |
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

Case 2:17-cv-01475-TMP    Document 1-2    Filed 08/30/17    Page 3 of 128

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MARIA CRISTINA COLIN GOMEZ, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| JOSE J. LOPEZ, an individual, | ) |
| WERNER ENTERPRISES, INC., a foreign | ) |
| corporation, and, | ) |

**FICTITIOUS DEFENDANTS:** No. 1, whether singular or plural, plaintiff hereby intending to designate **the driver of the tractor-trailer which collided with the vehicle being occupied by plaintiff** on the occasion made the basis of this lawsuit and whose negligent, wanton and/or wrongful conduct caused the injuries suffered by plaintiff; No. 2, whether singular or plural, plaintiff hereby intending to designate **the owner of the tractor-trailer which collided with the vehicle being occupied by plaintiff** on the occasion of the incident made the basis of this lawsuit; No. 3, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who provided uninsured and or underinsured motorist vehicle coverage to the plaintiff, the plaintiff's employer, and or the vehicle the plaintiff occupied**; No. 4, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which provided maintenance and upkeep on the tractor-trailer involved** in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which were responsible for the condition or state of repair of the tractor-trailer involved** in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which did any repair work on the tractor-trailer which collided with the motor vehicle being occupied by the plaintiff** on the occasion made the basis of this lawsuit; No. 7, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which manufactured and/or distributed the tractor-trailer, or any of the component parts thereof, which collided with the vehicle being occupied by the plaintiff** on the occasion made the basis of this lawsuit; No. 8, whether singular or plural, plaintiff hereby intending to designate **that person or entity or those entities who or which were the employer, master or principal of the driver of the tractor-trailer which collided with the vehicle being occupied by the plaintiff** on the occasion made the basis of this lawsuit;
No. 9, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities for whom the driver of the tractor-trailer which collided with the vehicle being occupied by the plaintiff who at the time of this wreck, was performing some type of service or employment duty**; No. 10, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which negligently entrusted the tractor-trailer to the driver that injured the plaintiff**; No. 11, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities on whose behalf the defendant was operating the tractor-trailer which collided with the vehicle being occupied by plaintiff** on the occasion made the basis of this lawsuit;

No. 12, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which manufactured the tractor-trailer issued, or had a duty to issue, warnings or instructions regarding the use or operation of the tractor-trailer involved in the occurrence made the basis of this lawsuit,** any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which tested, inspected, approved, or issued approval of any of the tractor-trailer or any component part thereof, or any attendant equipment used or available for use therewith**; No. 14, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of the tractor-trailer involved in the occurrence made the basis of this lawsuit**; No. 15, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit**; No. 16, whether singular or plural, plaintiff hereby intending to designate **any phantom vehicle that in anyway contributed to cause the wreck and or any uninsured motor vehicle which contributed to the wreck**; No. 17, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above.** Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time, their identities as proper party defendants are not known to plaintiffs at this time, but their true names will be substituted by amendment when ascertained;

)

**Defendants.**                                                    )

## PARTIES

1. Plaintiff, MARIA CRISTINA COLIN GOMEZ, is a resident citizen of Jefferson County, Alabama (4905 Tree Crossing Parkway, Hoover, Alabama 35244) and is over the age of nineteen.

2. Defendant, JOSE J. LOPEZ, is a resident citizen of Hall County, Georgia (2934 Willow Ridge Circle S, Gainsville, Georgia 30504) and is over the age of nineteen.

3. Defendant, WERNER ENTERPRISES, INC., is a foreign corporation with a corporate headquarters and principal place of business in Omaha, Nebraska. Defendant, WERNER ENTERPRISES, INC., does business in the State of Alabama and Jefferson County, Alabama.

4. FICTITIOUS DEFENDANTS: **FICTITIOUS DEFENDANTS:** No. 1, whether singular or plural, plaintiff hereby intending to designate **the driver of the tractor-trailer which collided with the vehicle being occupied by plaintiff** on the occasion made the basis of this lawsuit and whose negligent, wanton and/or wrongful conduct caused the injuries suffered by plaintiff; No. 2, whether singular or plural, plaintiff hereby intending to designate **the owner of the tractor-trailer which collided with the vehicle being**

**occupied by plaintiff** on the occasion of the incident made the basis of this lawsuit; No. 3, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who provided uninsured and or underinsured motorist vehicle coverage to the plaintiff, the plaintiff's employer, and or the vehicle the plaintiff occupied;** No. 4, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which provided maintenance and upkeep on the tractor-trailer involved** in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which were responsible for the condition or state of repair of the tractor-trailer involved** in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which did any repair work on the tractor-trailer which collided with the motor vehicle being occupied by the plaintiff** on the occasion made the basis of this lawsuit; No. 7, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which manufactured and/or distributed the tractor-trailer, or any of the component parts thereof, which collided with the vehicle being occupied by the plaintiff** on the occasion made the basis of this lawsuit; No. 8, whether singular or plural, plaintiff hereby intending to designate **that person or entity or those entities who or which were the employer, master or principal of the driver of the tractor-trailer which collided with the vehicle being occupied by the plaintiff** on the occasion made the basis of this lawsuit; No. 9, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities for whom the driver of the tractor-trailer which collided with the vehicle being occupied by the plaintiff who at the time of this wreck, was performing some type of service or employment duty**; No. 10, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which negligently entrusted the tractor-trailer to the driver that injured the plaintiff**; No. 11, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities on whose behalf the defendant was operating the tractor-trailer which collided with the vehicle being occupied by plaintiff** on the occasion made the basis of this lawsuit; No. 12, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which manufactured the tractor-trailer issued, or had a duty to issue, warnings or instructions regarding the use or operation of the tractor-trailer involved in the occurrence made the basis of this lawsuit**, any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which tested, inspected, approved, or issued approval of any of the tractor-trailer or any component part thereof, or any attendant equipment used or available for use therewith**; No. 14, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of the tractor-trailer involved in the occurrence made the basis of this lawsuit**; No. 15, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit**; No. 16, whether singular or plural, plaintiff hereby intending to designate **any phantom vehicle that in anyway contributed to cause the wreck and or any uninsured motor vehicle which contributed to the**

**wreck**; No. 17, whether singular or plural, plaintiff hereby intending to designate **that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above**. Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time, their identities as proper party defendants are not known to plaintiffs at this time, but their true names will be substituted by amendment when ascertained

## VENUE AND JURISDICTION

5.     This Court has jurisdiction over the parties to this action and over the subject matter of this action. Venue is proper in this Court pursuant to §6-3-2 and §6-3-7 of the Code of Alabama (1975). The car wreck caused by the Defendant, JOSE J. LOPEZ, occurred in Jefferson County, Alabama. JOSE J. LOPEZ was in the course and scope of his employment with WERNER ENTERPRISES, INC.

## COUNT ONE
## NEGLIGENCE CLAIM

6.     On August 17, 2015, Plaintiff, MARIA CRISTINA COLIN GOMEZ, was operating her vehicle, a 2002 Chevrolet Tahoe in Jefferson County, Alabama on I-459 traveling north bound. The Defendant, JOSE J. LOPEZ, was operating a 2016 tractor trailer in Jefferson County, Alabama on I-459, traveling north bound, when he caused his 2016 tractor trailer to collide with the Plaintiff, MARIA CRISTINA COLIN GOMEZ'S 2002 Chevrolet Tahoe.

7.     On August 17, 2015, Defendant, JOSE J. LOPEZ, negligently operated his 2016 tractor trailer by failing to maintain his lane, failing to yield the right of way, failing to exercise reasonable care, failing to keep a proper lookout, and failing to follow the Alabama Rules of the Road.

8.     On August 17, 2015, Defendant, JOSE J. LOPEZ, was employed by WERNER ENTERPRISES, INC., and while in the line and scope of his employment he was operating a 2016 tractor trailer that was owned by WERNER ENTERPRISES, INC., when he caused a wreck. On August 17, 2015, Defendant, JOSE J. LOPEZ, while employed by WERNER ENTERPRISES, INC., and while in the line and scope of his employment was operating a 2016 tractor trailer that was owned by WERNER ENTERPRISES, INC., when he negligently operated the 2016 tractor trailer by failing to maintain his lane, failing to yield the right of way, failing to exercise reasonable care, failing to keep a proper lookout, and failing to follow the Alabama Rules of the Road.

9.     Plaintiff, MARIA CRISTINA COLIN GOMEZ, did nothing to cause the collision.

10.     Plaintiff, MARIA CRISTINA COLIN GOMEZ, was not in any way contributorily negligent.

11.     As a proximate result of the Defendant, JOSE J. LOPEZ's, negligence the Plaintiff, MARIA CRISTINA COLIN GOMEZ, was caused to suffer the following injuries and damages:

    a.     She was caused to suffer injuries to her jaw, mouth and face;

    b.     She was caused to suffer a seizure;

    c.     She was caused to suffer injuries to her back;

    d.     She was caused to suffer injuries to her muscles, ligaments and tendons;

    e.     She was caused to suffer multiple bruises;

    f.     She was caused to suffer skin abrasions or cuts;

    g.     She was caused to injure her entire body;

    h.     She was caused to suffer excruciating pain so severe that no one should have to endure and she will be caused to suffer extreme pain in the future;

    i.     She was caused to endure a great deal of stress by his injuries;

    j.     She has incurred hospital, doctor, drug and other medical costs for treating her injuries and she will continue to incur hospital, doctor, drug and other medical costs in the future to treat her injuries;

    k.     She was prevented from going about the normal activities of life and will be prevented in the future from going about her normal activities;

    l.     Future medical expenses;

    m.     Mental anguish, pain and suffering, and  loss of enjoyment of life;

    n.     Her vehicle was damaged and she was caused to lose the value of her vehicle and she was caused to lose the use of her vehicle.

WHEREFORE, Plaintiff, MARIA CRISTINA COLIN GOMEZ demands a Judgment for compensatory and punitive damages against the Defendant, JOSE J. LOPEZ, WERNER ENTERPRISES, INC., and the fictitious party defendants in excess of the minimum limits of the Circuit Court jurisdictional amount and in an amount to be determined by a Jury.

## COUNT TWO
## WATONNESS CLAIM

12.     On August 17, 2015, Plaintiff, MARIA CRISTINA COLIN GOMEZ, was operating her vehicle, a 2002 Chevrolet Tahoe in Jefferson County, Alabama on I-459 traveling north bound. The Defendant, JOSE J. LOPEZ, was operating a 2016 tractor trailer in Jefferson County, Alabama on I-459, traveling north bound, when he caused his 2016 tractor trailer to collide with the Plaintiff, MARIA CRISTINA COLIN GOMEZ'S 2002 Chevrolet Tahoe.

13.     On August 17, 2015, Defendant JOSE J. LOPEZ, wantonly operated his 2016 tractor trailer by having a conscious disregard for the rights and safety of the Plaintiff, by failing to maintain his lane, failing to yield the right of way, failing to exercise reasonable care, failing to keep a proper lookout, and failing to follow the Alabama Rules of the Road.

14.     On August 17, 2015, Defendant, JOSE J. LOPEZ, was employed by WERNER ENTERPRISES, INC., and while in the line and scope of his employment he was operating a 2016 tractor trailer that was owned by WERNER ENTERPRISES, INC. when he caused a

wreck. On August 17, 2015, Defendant, JOSE J. LOPEZ, while employed by WERNER ENTERPRISES, INC., and while in the line and scope of his employment was operating a 2016 tractor trailer that was owned by WERNER ENTERPRISES, INC. when he wantonly operated his 2016 tractor trailer by having a conscious disregard for the rights and safety of the Plaintiff, failing to maintain his lane, failing to yield the right of way, failing to exercise reasonable care, failing to keep a proper lookout, and failing to follow the Alabama Rules of the Road.

15.    Plaintiff, MARIA CRISTINA COLIN GOMEZ, did nothing to cause the collision.

16.    Plaintiff, MARIA CRISTINA COLIN GOMEZ, was not in any way contributorily negligent.

17.    As a proximate result of the Defendant, JOSE J. LOPEZ'S, wantonness the Plaintiff, MARIA CRISTINA COLIN GOMEZ, was caused to suffer the following injuries and damages:
   a.    She was caused to suffer injuries to her jaw, mouth and face;
   b.    She was caused to suffer a seizure;
   c.    She was caused to suffer injuries to her back;
   d.    She was caused to suffer injuries to her muscles, ligaments and tendons;
   e.    She was caused to suffer multiple bruises;
   f.    She was caused to suffer skin abrasions or cuts;
   g.    She was caused to injure her entire body;
   h.    She was caused to suffer excruciating pain so severe that no one should have to endure and she will be caused to suffer extreme pain in the future;
   i.    She was caused to endure a great deal of stress by his injuries;
   j.    She has incurred hospital, doctor, drug and other medical costs for treating her injuries and she will continue to incur hospital, doctor, drug and other medical costs in the future to treat her injuries;
   k.    She was prevented from going about the normal activities of life and will be prevented in the future from going about her normal activities;
   l.    Future medical expenses;
   m.    Mental anguish, pain and suffering, and  loss of enjoyment of life;
   n.    Her vehicle was damaged and she was caused to lose the value of her vehicle and she was caused to lose the use of her vehicle.

   WHEREFORE, Plaintiff, MARIA CRISTINA COLIN GOMEZ demands a Judgment for compensatory and punitive damages against the Defendant, JOSE J. LOPEZ, WERNER ENTERPRISES, INC., and the fictitious party defendants in excess of the minimum limits of the Circuit Court jurisdictional amount and in an amount to be determined by a Jury.

## COUNT THREE
## NEGLIGENT ENTRUSTMENT CLAIM

18.    Plaintiff re-alleges and adopts each and every paragraph above as if fully set out herein.

19.    Defendant, JOSE J. LOPEZ, was incompetent to operate a tractor trailer on August 17, 2015.

20.    Plaintiff further alleges that WERNER ENTERPRISES, INC.. knew of or should have known of Defendant, JOSE J. LOPEZ's, incompetency at the time it entrusted him with the 2016 tractor trailer.

21.    As a proximate result of the negligent entrustment of the tractor trailer to the Defendant, JOSE J. LOPEZ, the Plaintiff, MARIA CRISTINA COLIN GOMEZ, was caused to suffer the following injuries and damages:

    a.    She was caused to suffer injuries to her jaw, mouth and face;

    b.    She was caused to suffer a seizure;

    c.    She was caused to suffer injuries to her back;

    d.    She was caused to suffer injuries to her muscles, ligaments and tendons;

    e.    She was caused to suffer multiple bruises;

    f.    She was caused to suffer skin abrasions or cuts;

    g.    She was caused to injure her entire body;

    h.    She was caused to suffer excruciating pain so severe that no one should have to endure and she will be caused to suffer extreme pain in the future;

    i.    She was caused to endure a great deal of stress by his injuries;

    j.    She has incurred hospital, doctor, drug and other medical costs for treating her injuries and she will continue to incur hospital, doctor, drug and other medical costs in the future to treat her injuries;

    k.    She was prevented from going about the normal activities of life and will be prevented in the future from going about her normal activities;

    l.    Future medical expenses;

    m.    Mental anguish, pain and suffering, and  loss of enjoyment of life;

    n.    Her vehicle was damaged and she was caused to lose the value of her vehicle and she was caused to lose the use of her vehicle.

WHEREFORE, Plaintiff, MARIA CRISTINA COLIN GOMEZ demands a Judgment for compensatory and punitive damages against the Defendant, JOSE J. LOPEZ, WERNER ENTERPRISES, INC., and the fictitious party defendants in excess of the minimum limits of the Circuit Court jurisdictional amount and in an amount to be determined by a Judge.

## COUNT FOUR
## NEGLIGENT /WANTON HIRING, RETENTION, TRAINING, SUPERVISION CLAIM

22.    Plaintiff re-alleges and adopts each and every paragraph above as if fully set out herein.

23.    Defendant, WERNER ENTERPRISES, INC., negligently and/or wantonly hired, retained, trained, and/or supervised Defendant, JOSE J. LOPEZ, as a driver, employee, agent, servant, and or representative.

24.   As a proximate result of the negligent hiring, retention, training, and supervision of JOSE J. LOPEZ by Defendant, WERNER ENTERPRISES, INC., the Plaintiff, MARIA CRISTINA COLIN GOMEZ, was caused to suffer the following injuries and damages:

a.   She was caused to suffer injuries to her jaw, mouth and face;
b.   She was caused to suffer a seizure;
c.   She was caused to suffer injuries to her back;
d.   She was caused to suffer injuries to her muscles, ligaments and tendons;
e.   She was caused to suffer multiple bruises;
f.   She was caused to suffer skin abrasions or cuts;
g.   She was caused to injure her entire body;
h.   She was caused to suffer excruciating pain so severe that no one should have to endure and she will be caused to suffer extreme pain in the future;
i.   She was caused to endure a great deal of stress by his injuries;
j.   She has incurred hospital, doctor, drug and other medical costs for treating her injuries and she will continue to incur hospital, doctor, drug and other medical costs in the future to treat her injuries;
k.   She was prevented from going about the normal activities of life and will be prevented in the future from going about her normal activities;
l.   Future medical expenses;
m.   Mental anguish, pain and suffering, and  loss of enjoyment of life;
n.   Her vehicle was damaged and she was caused to lose the value of her vehicle and she was caused to lose the use of her vehicle.

WHEREFORE, Plaintiff, MARIA CRISTINA COLIN GOMEZ demands a Judgment for compensatory and punitive damages against the Defendant, JOSE J. LOPEZ, WERNER ENTERPRISES, INC., and the fictitious party defendants in excess of the minimum limits of the Circuit Court jurisdictional amount and in an amount to be determined by a Jury.

### COUNT FIVE
### FICTITIOUS PARTY DEFENDANTS

25.   Plaintiff adopts and realleges each and every material allegation of this Complaint as in fully set out herein.

26.   Plaintiff hereby adopts and realleages all of the Counts of the Complaint previously set out herein and additionally makes all possible tort claims available under Alabama law against all fictitious parties.

27.   As a proximate result of the Fictitious Party Defendants, and Defendant, JOSE J. LOPEZ's wrongful conduct the Plaintiff, MARIA CRISTINA COLIN GOMEZ, was caused to suffer the following injuries and damages:

a.   She was caused to suffer injuries to her jaw, mouth and face;
b.   She was caused to suffer a seizure;
c.   She was caused to suffer injuries to her back;
d.   She was caused to suffer injuries to her muscles, ligaments and tendons;
e.   She was caused to suffer multiple bruises;

f.     She was caused to suffer skin abrasions or cuts;

g.     She was caused to injure her entire body;

h.     She was caused to suffer excruciating pain so severe that no one should have to endure and she will be caused to suffer extreme pain in the future;

i.     She was caused to endure a great deal of stress by his injuries;

j.     She has incurred hospital, doctor, drug and other medical costs for treating her injuries and she will continue to incur hospital, doctor, drug and other medical costs in the future to treat her injuries;

k.     She was prevented from going about the normal activities of life and will be prevented in the future from going about her normal activities;

l.     Future medical expenses;

m.     Mental anguish, pain and suffering, and  loss of enjoyment of life;

n.     Her vehicle was damaged and she was caused to lose the value of her vehicle and she was caused to lose the use of her vehicle.

WHEREFORE, Plaintiff, MARIA CRISTINA COLIN GOMEZ, demands a Judgment for compensatory and punitive damages against the Defendant, JOSE J. LOPEZ, WERNER ENTERPRISES, INC., and the fictitious party defendants in excess of the minimum limits of the Circuit Court jurisdictional amount and in an amount to be determined by a Jury.

### PLAINIFF DEMAND A TRIAL BY STRUCK JURY

Respectfully Submitted,

*/s/ Mary Amari Bruce*
Mary Amari Bruce (AMA009)
Attorney for Plaintiff

*/s/ Steven Mezrano*
Steven Mezrano (MEZ002)
Attorney for Plaintiff

**OF COUNSEL:**
MEZRANO LAW FIRM, LLC
1801 Oxmoor Road Suite 100
Homewood, Alabama 35209
(205) 206-6300
mabruce@mezrano.com
steven@mezrano.com

**PLEASE SERVE THE FOLLOWING:**
**DEFENDANT JOSE J. LOPEZ TO BE SERVED BY CERTIFIED MAIL**
**PREPARED BY THE CLERK PROCESS AT:**
JOSE J. LOPEZ
2934 Willow Ridge Circle S
Gainesville, Georgia 30504
678-577-3295

**DEFENDANT WERNER ENTERPRISES, INC. TO BE SERVED BY CERTIFIED MAIL AT:**
WERNER ENTERPRISES, INC.
Through Registered Agent
National Registered Agents Inc.
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MARIA CRISTINA COLIN GOMEZ | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No.** |
| **v.** | ) |
| | ) |
| JOSE J. LOPEZ, | ) |
| WERNER ENTERPRISES, INC., AND | ) |
| FICTITIOUS DEFENDANTS; | ) |
| | ) |
| **Defendants.** | ) |

### <u>PLAINTIFF'S INTERROGATORIES PROPOUNDED UNTO<br>THE DEFENDANT, JOSE J. LOPEZ</u>

COMES NOW, the Plaintiff and request the Defendant, JOSE J. LOPEZ answer the following Interrogatories pursuant to Rule 33 of the Alabama Rules of Civil Procedure within the time prescribed by Alabama law.  (30 days)

*NOTE: Any dishonest answer will subject you to punishment and or fines by an Order of the Court for Contempt of Court or a felony violation of Alabama's criminal laws.*

1.  State your full name, street address, social security number, date of birth and driver's license number.
**ANSWER:**

**Full name (including maiden names):**
**Street/City address:**
**Social Security number:**
**Date of birth:**
**Driver's license number:**

2.  List every arrest for a crime, conviction of a crime (including but not limited to misdemeanors or felonies, guilty pleas, pleas of nolo contendre, youthful offender pleas, deferred prosecution, etc.) for the **<u>Defendant and the Plaintiff</u>**?  If so, please explain in detail including, but not limited to, what charge the **<u>Defendant and Plaintiff</u>** was arrested on, what charge **<u>Defendant and Plaintiff</u>** was convicted of, when such arrest and/or conviction occurred, and what agency arrested **<u>Defendant and Plaintiff</u>**?

**DEFENDANT'S ARREST(S)**

| Date of arrest: | Charged with: | Agency that arrested<br>(what county, city, state): |
|---|---|---|
| Date of arrest: | Charged with: | Agency that arrested<br>(what county, city, state): |

**PLAINTIFF'S ARREST(S)**

**Date of arrest:**          **Charged with:**          **Agency that arrested**
                                                      **(what county, city, state):**


**Date of arrest:**          **Charged with:**          **Agency that arrested**
                                                      **(what county, city, state):**


**DEFENDANT'S CONVICTIONS:**

**Date of conviction:**      **Convicted of:**          **Agency that convicted**
                                                      **(what county, city, state):**


**Date of conviction:**      **Convicted of:**          **Agency that convicted**
                                                      **(what county, city, state):**


**PLAINTIFF'S CONVICTIONS:**

**Date of conviction:**      **Convicted of:**          **Agency that convicted**
                                                      **(what county, city, state):**

**Date of conviction:**      **Convicted of:**          **Agency that convicted**
                                                      **(what county, city, state):**


3.  Please explain how the car wreck occurred.

**ANSWER:**


4.  Please list each and every policy of insurance (*whether liability, uninsured motorist coverage, underinsured motorist coverage, primary, secondary, excess, umbrella, reinsurance etc.,* ) which insured you (*and or arguably could provide coverage for you*) on the date of the car wreck that is the basis of this claim including in your answer the name of the insurer(s) or self insurer(s), the policy limits, policy number(s),

**Name of insurer:**          **Policy limits:  Policy number:   Type of coverage:**

5.  Identify the name of every person from whom you or anyone on your behalf has obtained a statement (oral, recorded, written, typed, transcribed, otherwise) including in your

answer the person's name, residence address, business address, telephone numbers and email addresses.

**NOTE:**(*This request does not seek the substance of any communication with your attorneys and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information*)

ANSWER:

6.   Identify every witness that you intend to call at trial in this case and every person that is believed to have knowledge of the car wreck (*or believed to have been within the sight or hearing of the car wreck*) also including in your answer name, residence address, business address, all telephone numbers, and email and what knowledge each person is believed to have.

**NOTE:**
(***This interrogatory not only ask for witnesses that you intend to call at trial but it also ask for all persons that have knowledge or are believed to have knowledge so even if you chose to attempt to avoid disclosing to the Plaintiff who you intend to call at trial you are still required to tell the Plaintiff who has knowledge or is believed to have knowledge of the car wreck.***)

**ANSWER:**

**WITNESSES:**
**Name/Address/telephone numbers/**                    **Knowledge you contend witness has:**
**employment address:**


7.   Please list and describe all exhibits this Defendant intends to use at trial and all things this Defendant (its agents, employees, etc.) is aware of that might pertain to this case (*including but not limited to photographs, videos, DVD's, CD's, recordings, audio recordings, digital data, computer data of the scene, of the roadway, of the traffic signals, of the Plaintiff, of the Defendant, of any of the vehicles, of the area, of driver's logs, of incident reports, surveillance of the Plaintiff, etc.*)

8.   For each and every defense asserted in your Answer and each and every Defense known to this Defendant at this time list the facts that support each such Defense.

**Defense:**                              **Facts that support the Defense:**


9.   This Defendant has asserted the defense of contributory negligence in its' Answer asserting that the Plaintiff did something that contributed to cause the car wreck.

a.   Identify each and every fact that supports this Defendant's contention that the Plaintiff contributed to cause the wreck:

b.  Identify each and every document and thing that supports this Defendant's contention that the Plaintiff contributed to cause the wreck:

c.  Identify each and every person by name, residence address, business address, telephone numbers, and email address that supports this Defendant's contention that the Plaintiff contributed to cause the wreck:

10.  Please list and describe every medical record of the Plaintiff that in any way indicates the Plaintiff suffered from a preexisting condition at the time of the car wreck including in your answer the preexisting condition, the date of the medical record, the medical provider, and the statement or wording from the medical record that indicates a preexisting condition.

**Preexisting condition:    Date of record:  Medical provider:    Statement from record:**

11.  Please list and describe every medical record of the Plaintiff that in any way indicates the Plaintiff sustained any injury and/or suffered from any ailment after the car wreck that this Defendant contends is unrelated to the car wreck including in your answer a description of the injury/ailment, the date of the medical record, the medical provider, and the statement or wording from the medical record that indicates an unrelated injury/ailment was sustained after the car wreck.

**Describe condition
not related to wreck:      Date of record:    Medical provider:      Statement from record:**

12.  Please list each fact that supports this Defendant's contention in its' Answer that the Plaintiff was not injured and damaged or was not injured and damaged to the extent Plaintiff has claimed (*including Plaintiff's claims of injury and damage set forth in the Complaint and any claims of injuries or damages this Defendant has been made aware of by other means*).

13.  Please list every person (including in your answer the person's name, residence address, business address, telephone numbers, email address) that supports this Defendant's contention in its' Answer that the Plaintiff was not injured and damaged to the extent Plaintiff has claimed (*including Plaintiff's claims of injury and damage set forth in the Complaint and any claims of injuries or damages this Defendant has been made aware of by other means*)

**Name/Address/telephone numbers/employment address:**

14.  If you had a cellular telephone plan or were provided a cellular telephone through some other person or businesses' plan please provide the telephone number(s) and the name of

the cellular telephone service provider(s) for all such cellular telephones you used on the day of the car wreck (including in your answer the name of the person(s) or businesses that provided you a cellular telephone).

**Telephone number(s):          Service provider(s):  Name of person/business with plan:**

15.  At the time of the car wreck within one hour before and one hour after the car wreck did you use a telephone, talk, text, email, search contacts, or use the GPS technology of the telephone (smart device), make photographs, make video, use the recorder, make notes on or communicate with anyone.  If so please describe how you used a cellular telephone (smart device).

16.  List the service provider and the telephone number for all cellular telephones you had or regularly used on the date of the car wreck made the basis of this claim.

17.  Please list all substances that you drank within  twenty four hours (24) before the car wreck including in your answer the name of the substance you drank, the amount you drank (in ounces) and the time you drank each substance.

**Substance:             Amount you drank:          Time you drank each substance:**

18.  Please list all prescription medications, non-prescription medications and drugs that you took within twenty-four hours (24) before the car wreck including in your answer the name of the drug you took, the amount or dosage of the drug and the time you took each drug.

**Substance:             Amount you drank:             Time you drank each substance:**

19.  Please list the name and address of every person and entity that obtained a blood, urine or hair sample after the car wreck including in your answer the results of any test.

20.  Please set forth a timeline of your activities for the twenty-four hours before the wreck (*including in your answer the specific addresses you had been to and where you were going at the time of the wreck.*)

21.  Please list each and everything you ate and drank within twenty four hours of the car wreck.

22.  If at the time of the car wreck you were performing any services, errands, or work for any person or business or employer state the name and address of the person or business or employer.

23.  Identify every person that was at any time in your vehicle on the day of the car wreck (including the name, residence address, business address, all telephone numbers, and email address), their relationship to you and if any and where each was located in the vehicle when the wreck occurred.

**Name, address, residence address,**
**business address, telephone numbers,**
**email address:**                              **Relationship to you:  Location in the vehicle:**

24.  Were you or any of the occupants of your vehicle under the influence of any drug or alcohol at the time of the wreck or on the day of the wreck.

25.  Describe in detail all conversations (including statements, comments, exclamations, declarations made by you and statements, comments, exclamations and declarations you heard any other person make) regarding the car wreck including in your answer the name and address of all persons making such.

**NOTE:**
***(This does NOT include statements, comments, exclamations or declarations made by you to your lawyer. This would include but not be limited to any statements made at any time by you to any law enforcement officer, by any law enforcement officer to you, by the Plaintiff(s), by witnesses, first responders, etc.  This includes statements made after the wreck.  This includes statements about the persons involved in the car wreck.  This includes statements regarding***

*the scene of the car wreck.  Again, this does NOT include any conversations with your lawyer.*)

26.  Identify by name and address each and every pharmacy you have used during the last five (5) years (including all possible interpretation of the word "pharmacy" such as pharmacies within stores such as Target, Wal-Mart, etc.)

**Name of pharmacy:** **Address of pharmacy:**

27.  Please list all prescription medications for which you had a prescription for three years before the date of the wreck including in your answer the name of the medication, the medical professional that prescribed the medication, and the reason for the prescription.

**Medication:** **Medical professional that prescribed:** **Reason for prescription:**

28.  Identify each and every expert witness and include the following information:
A.  a listing of all subject matter upon which said expert is expected to testify;
B.  a listing of all opinions your expert holds regarding this matter;
C.  a listing of the grounds and facts that support each such opinion;
D.  a listing of all documents and things (photos, videos, DVD's, CD's, recordings, digital data, electronic data;
E.  a listing of all documents, notes, reports and things prepared by the expert witness; and
F.  all fields in which your expert holds himself or herself out to be an expert.

29.  List all persons and entities and things known or believed by you to be responsible for or a contributing factor in the car wreck made the basis of this litigation (*including in your answer the person/entity name, address, telephone number, and how that person or entity caused or contributed to cause the car wreck*)

**Name/address and telephone number of Persons/Entities**
**that caused or contributed to wreck:**

**How persons/entities/things caused or contributed to wreck:**

30.  If you contend any mechanical defect in your vehicle or on the road (or otherwise) played any part in the car wreck describe the mechanical defect, road defect or other defect and how it contributed to the car wreck.

**Describe defect:**          **Describe how defect contributed to the car wreck:**

31.  Please list all statutes, codes, standards, regulations, rules, tests, reports, books, treatises, and other written or digital or electronic data which you contend are applicable to your defense of this case.

32.  If you contend you had/have any medical condition contributed in any way to cause the car wreck please state the medical condition and explain how it contributed to cause the car wreck.

33.  Have you ever been involved in any claims or lawsuits (including in your answer whether you made a claim against some other person or entity, whether you filed a lawsuit against some other person or entity, whether you had a claim made against you and whether you had a lawsuit filed against you.)

**Claims made by you:**          **Against whom:**          **Date:**

**Lawsuits filed against you:**  **By whom:**      **Date:**

**Claims made against you:**    **By whom:**      **Date:**

**Lawsuits filed by you:**          **Against whom:**          **Date:**

34.  List your driving history (including in your answer all traffic offenses, dates of the traffic offenses, the disposition of the traffic offenses, the dates of the traffic offenses, and the agency that charged you with an offense.)

**Traffic offense:**        **Date:**      **Agency that charged you:**        **Disposition:**

35.  List all other car accidents you have been involved in during the past twenty years including in your answer date of the car wreck, the names of the parties involved, and the location (city/state).

**Date of wreck:**          **Name of persons involved:**          **Location:**

36.  List your driver's license history including in your answer all states in which you have been licensed to drive, full name and address on your driver's license, date your license was last issued, date your license is due to expire, any restrictions on your driver's license, and whether your driver's license, has ever been suspended, revoked, cancelled, etc.

37.  Please list your medical history including the name and address of your health care provider and type of health care provider including but not limited to all medical doctor(s), opticians, optometrist(s), ophthalmologist(s), mental health care providers, chiropractor(s) or other health care provider that you have seen.

**Name:**          **Address:**          **Telephone number:  Type of health care provider:**

38.  Identify the name, address and telephone number of each and every health care facility (outpatient facility, inpatient facility, hospital, rehabilitation facility, drug treatment facility, alcoholism treatment facility, mental health care facility, counseling facility) of any kind where you have received any kind of treatment since 2000.

**Name of hospital/health care facility:**          **Address:**          **Telephone number:**

39.  Describe your level of education including but not limited to a description of any and all degrees or certificates you obtained and the dates you obtained such degrees or certificates.

**ANSWER:**

**Describe degree**                    **Year each such degree was obtained:**
**or certificate obtained:**

40.  Identify all employment since the age of twenty-one (21) listing for each such employment:
 a. the name and address of your employer
 b. the salary or wages (per hour\per year)
 c. the dates of each employment
 d. your reason for leaving said employment.

**ANSWER:**

| Name and address of employer: | Salary per year: | Dates of employment: | Reason for leaving: |
|---|---|---|---|

NOTE:
(*Any military service would be considered employment so you should list all military service*)

*/s/ Mary Amari Bruce*
MARY AMARI BRUCE (AMA009)
Attorney for Plaintiff

<u>**OF COUNSEL:**</u>
The Mezrano Law Firm, P.C.
1801 Oxmoor Road, Suite 100
Homewood, Alabama 35209
(205) 206-6300
Email: mabruce@mezrano.com

**TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MARIA CRISTINA COLIN GOMEZ | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No.** |
| **v.** | ) |
| | ) |
| JOSE J. LOPEZ, | ) |
| WERNER ENTERPRISES, INC., AND | ) |
| FICTITIOUS DEFENDANTS; | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S INTERROGATORIES PROPOUNDED UNTO DEFENDANT WERNER ENTERPRISES, INC.

COMES NOW the Plaintiff and request the Defendant, WERNER ENTERPRISES, INC., answer the following Interrogatories pursuant to Rule 33 of the Alabama Rules of Civil Procedure within the time prescribed by Alabama law. (30 days)

1.   Please state if **JOSE J. LOPEZ** has ever been arrested and/or convicted of a crime (including but not limited to misdemeanors or felonies, guilty pleas, pleas of nolo contendre, youthful offender pleas, deferred prosecution, etc.)?  If so, please explain in detail including, but not limited to, what charge **JOSE J. LOPEZ** was arrested on, what charge **JOSE J. LOPEZ** was convicted of, when such arrest and/or conviction occurred, and what agency **JOSE J. LOPEZ** was arrested by?

**ARREST(S)**

| Date of arrest: | Charged with: | Agency that arrested (what county, city, state): |
|---|---|---|
| | | |

**CONVICTIONS:**

| Date of conviction: | Convicted of: | Agency that convicted (what county, city, state): |
|---|---|---|
| | | |

2.   Please explain how the wreck occurred.

**ANSWER:**

3.   At the time of the wreck including within one hour before and one hour after the wreck did **JOSE J. LOPEZ** use a telephone, talk on a cellular telephone, text, email, search contacts, or use the GPS technology of a telephone, make photographs, make video, use the recorder, make notes on or communicate with anyone.  If so please describe how **JOSE J. LOPEZ** used a cellular telephone.

**ANSWER:**

4.   Please describe each thing in the personnel file (by whatever name) of **JOSE J. LOPEZ** (by whatever name he is listed) including **but not limited** to driver qualifications, employment applications, criminal history research, job history research, resumes, DAC reports, driving history reports, credit reports, CDL(s), drivers licenses, etc. by any name and from all sources, driver's license, all electronic data regarding the driver, all electronic document(s) regarding the driver, all paper document(s) regarding the driver.

5.   Please list all substances that **JOSE J. LOPEZ** drank within  twenty four hours (24) before the wreck including in your answer the name of the substance **JOSE J. LOPEZ** drank, the amount **JOSE J. LOPEZ**(in ounces) and the time **JOSE J. LOPEZ** drank each substance.

**Substance:**          **Amount driver drank:**       **Time driver drank each substance:**

6.   Please list all prescription medications, non-prescription medications and drugs **JOSE J. LOPEZ** took within twenty-four hours (24) before the wreck including in your answer the name of the drug **JOSE J. LOPEZ** took, the amount or dosage of the drug and the time **JOSE J. LOPEZ** took each drug.

**Substance:**        **Amount drunk:**       **Time each substance was drunk:**

7.   Please identify every person and entity that obtained any type of blood, urine or hair sample of **JOSE J. LOPEZ** after the wreck including in your answer the results of any test (*including the name of the person or entity, the address of the person or entity, the telephone number of the person or entity, the telephone number of the person and entity and the email of the person and entity*).

8.   Please set forth a timeline of **JOSE J. LOPEZ'S** activities for the twenty-four hours before the wreck (*including in your answer the specific addresses JOSE J. LOPEZ had been to and where JOSE J. LOPEZ was going at the time of the wreck.*)

9.   Please list each and everything **JOSE J. LOPEZ** ate and drank within twenty four hours of the wreck.

10.   If **JOSE J. LOPEZ** had a cellular telephone plan or this Defendant provided a cellular telephone for **JOSE J. LOPEZ** please provide the telephone number(s) and the name of the cellular telephone service provider(s) for all such cellular telephones **JOSE J. LOPEZ** used on the day of the wreck (including in your answer the name of the person(s) or businesses that provided **JOSE J. LOPEZ'S** cellular telephone service).

**Telephone number(s):**          **Service provider(s):  Name of person/business with plan:**

11.  Identify every person that was at any time in the tractor-trailer **JOSE J. LOPEZ** was operating on the day of the wreck (including the name, residence address, business address, all telephone numbers, and email addresses), their relationship to **JOSE J. LOPEZ.** (if any) and where each was located in the tractor-trailer when the wreck occurred.

**Name, address, residence address,**
**business address, telephone numbers,**
**email address:**            **Relationship to driver :**      **Location in the vehicle:**

12.  Was **JOSE J. LOPEZ** or any of the occupants of the tractor-trailer **JOSE J. LOPEZ** operated under the influence of any drug or alcohol on the day of the wreck especially including at the time of the wreck.

13.  Describe in detail all conversations (*including statements, comments, exclamations, declarations made by* **JOSE J. LOPEZ** *and statements, comments, exclamations and declarations* **JOSE J. LOPEZ** *heard any other person make*) regarding the wreck according to what **JOSE J. LOPEZ** has told or recounted in writing to this Defendant (*including in your answer the name, address, telephone number(s), and email of all persons making suchstatements, comments, exclamations, declarations made by you and statements, comments, exclamations or declarations*).

NOTE:
(*A form objection or discovery obstruction technique here by some attorneys is to claim that every conversation is objectionable due to attorney client privilege or work product.  Therefore, to be abundantly clear this interrogatory does NOT request or include statements, comments, exclamations or declarations or anything made by anyone to their lawyer or told to anyone by their lawyer.  This interrogatory does NOT include statements, comments, exclamations or declarations made by you to your lawyer.*)
(*The statements, comments, exclamations or declarations would include **but not be limited to** for example any statements made at any time by you to any law enforcement officer, by any law enforcement officer to you, by the Plaintiff(s), by witnesses, first responders, etc.  This includes statements made after the wreck.  This includes statements about the persons involved in the wreck.  This includes **but is not limited to** for example statements regarding the scene of the wreck.  Again, this does NOT include at any time conversations with your lawyer or statements to your lawyer or from your lawyer.*)

14.  Identify by name and address each and every pharmacy used by **JOSE J. LOPEZ** (including all and the broadest possible interpretations of the word "pharmacy" meaning for example that a pharmacy that is inside Target, Walmart, etc. is within the definition)

**Name of pharmacy:**             **Address of pharmacy:**

15.   Please list all persons (including employees, company representatives, safety managers, etc.) that visited the scene of the wreck including in your answer the name, address, and job description of each.

16.   Please list all statutes, codes, standards, regulations, rules, tests, reports, books, treatises, and other written, digital, and electronic data which this Defendant contends is/are applicable to this case including any that excuse or exculpate **JOSE J. LOPEZ'S** fault in this case or that applies to this Defendant's defenses.

17.   Has this Defendant ever been involved in any claims or lawsuits in the last twenty years (including in your answer whether this Defendant made a claim against some other person or entity, whether this Defendant filed a lawsuit against some other person or entity, whether this Defendant had a claim made against it and whether this Defendant had a lawsuit filed against it.)

**Claims made by this Defendant :    Against whom:       Date:**


**Lawsuits filed by this Defendant:   By whom:      Date:**


**Claims made against this Defendant:          By whom:      Date:**


**Lawsuits filed against this Defendant:       Against whom:          Date:**


18.   List your driver **JOSE J. LOPEZ'S** driving history (including in your answer all traffic offenses, dates of the traffic offenses, the disposition of the traffic offenses, and the agency that charged your driver with an offense.)

**Traffic offense:        Date:       Agency that charged the driver:         Disposition:**


19.   List all other wrecks **JOSE J. LOPEZ** has been involved in during the past twenty years including in your answer date of the wreck, the names of the parties involved, and the location (city/state).

**Date of wreck:                 Name of persons involved:            Location:**

20.   List **JOSE J. LOPEZ'S** driver's license history including in your answer all states in which **JOSE J. LOPEZ** has been licensed to drive, full name and address on the driver's license, date the license was last issued, date the license is due to expire, any restrictions on the driver's license, and whether **JOSE J. LOPEZ'S** license, has ever been suspended, revoked, cancelled, etc.

a. all states in which you have been licensed to drive:_____

b. full name and address on your driver's license_____
c. date your license was last issued_____
d. date your license is due to expire_____
e. all restrictions on your driver's license_____
f. states in which your driver's license, has ever been suspended, revoked,
cancelled_____

21.   Please list **JOSE J. LOPEZ'S** medical history including the name and address of **JOSE J. LOPEZ'S** health care provider and type of health care provider including but not limited to all medical doctor(s), opticians, optometrist(s), ophthalmologist(s), mental health care providers, chiropractor(s) or other health care providers that **JOSE J. LOPEZ** has seen.

**Name:          Address:          Telephone number:   Type of health care provider:**

22.   Identify the name, address and telephone number of each and every health care facility (outpatient facility, inpatient facility, hospital, rehabilitation facility, drug treatment facility, alcoholism treatment facility, mental health care facility, counseling facility) of any kind where **JOSE J. LOPEZ** has received any kind of treatment since 2000.

**Name of hospital/health care facility:          Address:               Telephone number:**

23.   Explain how **JOSE J. LOPEZ** was paid for her employment with this Defendant within the year before the wreck (***including but not limited to*** *all forms of payment hourly pay, salary pay, commissions, incentives, bonuses, stipends, per diems, mileage pay, etc.*)

24.   Describe the damage if any that was done to the tractor-trailer your driver was operating and the vehicle the Plaintiff occupied on the day of the wreck including in your answer the location of all damage and the extent of damage.

25.   Explain all computer data obtained from the tractor-trailer **JOSE J. LOPEZ** drove that was involved in the wreck and the meaning of the computer data in relation to the wreck (*including but not limited to data from the ECM and DDEC data*) (*For example if the computer data provides information, date and time of any event, speed, braking, stopping distance, fault codes, trip file, internal clock/calendar, fault codes, hard braking incidents, last stop records, trip activity, speed vs. RPM, engine load vs. RPM, periodic maintenance, daily engine usage, life-to-date summary, hard brake, explain such*)

Respectfully Submitted,

_**/s/ Mary Amari Bruce**_
MARY AMARI BRUCE (AMA009)
Attorney for Plaintiff

**OF COUNSEL:**
Mezrano Law Firm
1801 Oxmoor Road
Homewood, Alabama 35209
Telephone: (205) 206-6300
E-mail: mabruce@mezrano.com

**TO BE SERVED WITH SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **MARIA CRISTINA COLIN GOMEZ** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No.** |
| **v.** | ) |
| | ) |
| **JOSE J. LOPEZ,** | ) |
| **WERNER ENTERPRISES, INC., AND** | ) |
| **FICTITIOUS DEFENDANTS;** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S REQUESTS FOR ADMISSIONS
## PROPOUNDED UNTO DEFENDANT, JOSE J. LOPEZ

COMES NOW, the Plaintiff in the above-styled cause and requests the Defendant, JOSE J. LOPEZ, admit to the following Requests for Admissions within the time required by the Alabama Rules of Civil Procedure.

## INSTRUCTIONS

These Request for Admission will assist the trial court and all parties in narrowing the issues for trial. All attorneys are required to reach reasonable agreements and stipulations to assist the trial courts in narrowing the issues in cases by the Alabama Rules of Civil Procedure and Code of Professional Conduct.

Please not that the Alabama Rules of Civil <u>Procedure require you make an investigation and to either admit or deny each Request for Admission.</u> A discovery obstruction technique may involve stating "insufficient information" as a reason to refuse or fail to either admit or deny a Request for Admission. <u>It is not in compliance with the Alabama Rules of Civil Procedure to state that you do not have sufficient information</u> to either admit or deny a Request for Admission.

<u>"*The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter*.*"*</u>

<u>"*An answering party may not give lack of information or knowledge as a reason for failure to admit or deny* unless the party states the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny*.*"*</u>

Please note the Interrogatory included with these Request for Admissions requires you to identify the "reasonable inquiry" made by you to obtain information to either admit or deny each Request for Production.

If you fail to respond to any Request for Admission as required by the Alabama Rules of Civil Procedure the Plaintiff will be forced to seek judicial intervention to compel compliance with the Alabama Rules of Civil Procedure and will seek the costs and attorney's fees associated with any such Motion to Compel.

The Alabama Rules of Civil Procedure do not contemplate nor do they allow "general objections". If you assert "general objections" to any Request for Admission the Plaintiff will be forced to seek judicial intervention to strike such general objections and to compel compliance with the Alabama Rules of Civil Procedure and will seek the costs and attorney's fees associated with any such Motion to Compel.

1. Admit that jurisdiction and venue of this matter is proper in the Circuit Court of Jefferson County, Alabama.

2. Admit that the Circuit Court of Jefferson County, Alabama has personal jurisdiction over the parties to this action.

3. Admit that the Circuit Court of Jefferson County, Alabama has subject matter jurisdiction over this case.

4. Admit that the car wreck in this cause occurred on August 17, 2015.

5. Admit that the car wreck with the Plaintiff MARIA CRISTINA COLIN GOMEZ occurred on August 17, 2015 in Jefferson County, Alabama.

6. Admit that JOSE J. LOPEZ was involved in a car wreck with the Plaintiff, MARIA CRISTINA COLIN GOMEZ on August 17, 2015.

7. Admit the vehicle operated by JOSE J. LOPEZ hit the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ on August 17, 2015.

8. Admit that JOSE J. LOPEZ was involved in a car wreck on I-459 in Jefferson County on August 17, 2015.

9. Admit that JOSE J. LOPEZ crashed into a vehicle occupied by MARIA CRISTINA COLIN GOMEZ on August 17, 2015.

10. Admit that on August 17, 2015 JOSE J. LOPEZ crashed the vehicle he operated into a vehicle occupied by the Plaintiff MARIA CRISTINA COLIN GOMEZ on I-459 in Jefferson County, Alabama.

11. Admit that I-459 in the location where the car wreck occurred was dry at the time of the wreck on August 17, 2015.

12. Admit that JOSE J. LOPEZ did not maintain his lane and struck the Plaintiff, MARIA CRISTINA COLIN GOMEZ's vehicle on August 17, 2015.

13. Admit that JOSE J. LOPEZ failed to maintain a safe distance and struck the Plaintiff, MARIA CRISTINA COLIN GOMEZ's vehicle.

14. Admit that JOSE J. LOPEZ failed to keep a proper lookout vehicle on I-459 on August 17, 2015 and as a result crashed into the vehicle the Plaintiff, MARIA CRISTINA COLIN GOMEZ occupied.

15. Admit that JOSE J. LOPEZ improperly changed lanes on August 17, 2015 which resulted in him crashing into the vehicle occupied by the Plaintiff, MARIA CRISTINA COLIN GOMEZ.

16. Admit that JOSE J. LOPEZ knew on August 17, 2015, that he had a duty to keep a proper lookout for his vehicle and other vehicles around him.

17. Admit that JOSE J. LOPEZ knew on August 17, 2015, that he was not to enter into the lane that Plaintiff MARIA CRISTINA COLIN GOMEZ occupied.

18. Admit that on August 17, 2015, Code of Alabama Title 32 "Rules Of The Road" required JOSE J. LOPEZ not to cause his truck to enter into the lane Plaintiff MARIA CRISTINA COLIN GOMEZ was occupying causing a collision on August 17, 2015.

19. Admit JOSE J. LOPEZ changing lanes into the lane Plaintiff MARIA CRISTINA COLIN GOMEZ occupied was the cause of the car wreck on August 17, 2015.

20. Admit JOSE J. LOPEZ changed lanes into the lane Plaintiff MARIA CRISTINA COLIN GOMEZ was occupying on August 17, 2015 before the truck he was operating hit the vehicle MARIA CRISTINA COLIN GOMEZ occupied.

21. Admit that the Plaintiff, MARIA CRISTINA COLIN GOMEZ, was traveling at an appropriate speed on August 17, 2015 when JOSE J. LOPEZ crashed the vehicle he operated into the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ.

22. Admit that the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ, was driving straight on I-459 on August 17, 2015, when JOSE J. LOPEZ crashed the vehicle he was operating into the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ.

23. Admit that the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ, had been driving an appropriate speed on August 17, 2015, when JOSE J. LOPEZ crashed the vehicle he was operating into the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ.

24. Admit that Alabama law required that JOSE J. LOPEZ have full and complete knowledge of the Code of Alabama Title 32 "Rules Of The Road" on August 17, 2015.

25. Admit that you were aware of the "Alabama Rules of the Road" included in Alabama Code 32-5A-1 through 32-5A-286 on August 17, 2015.

26. Admit that Defendant's, JOSE J. LOPEZ's negligence proximately caused the collision made the basis of this lawsuit.

27. Admit that the Defendant's, JOSE J. LOPEZ's, wantonness proximately caused the collision made the basis of this lawsuit.

28. Admit that the Defendant's, JOSE J. LOPEZ's, negligence was the sole proximate cause of the collision with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

29. Admit that Defendant's, JOSE J. LOPEZ's, wantonness was the sole proximate cause of the collision with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

30. Admit that Defendant's, JOSE J. LOPEZ's, negligence was a proximate cause of the collision with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

31. Admit that Defendant's, JOSE J. LOPEZ's, wantonness was a proximate cause of the collision with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

32. Admit that Plaintiff, MARIA CRISTINA COLIN GOMEZ, did nothing to cause the collision.

33. Admit that the Plaintiff, MARIA CRISTINA COLIN GOMEZ did nothing to proximately cause or contribute to the motor vehicle collision between Plaintiff, MARIA CRISTINA COLIN GOMEZ and Defendant, JOSE J. LOPEZ on August 17, 2015.

34. Admit that the Plaintiff was not contributorily negligent in the motor vehicle collision involving Plaintiff, MARIA CRISTINA COLIN GOMEZ and Defendant JOSE J. LOPEZ on August 17, 2015.

35. Admit that the Plaintiff did not assume any risk in the motor vehicle collision between Plaintiff, MARIA CRISTINA COLIN GOMEZ and Defendant JOSE J. LOPEZ on August 17, 2015.

36. Admit that this car wreck could have been avoided if JOSE J. LOPEZ had not entered into the lane that Plaintiff MARIA CRISTINA COLIN GOMEZ was already occupying causing the collision into Plaintiff MARIA CRISTINA COLIN GOMEZ.

37. Admit that the Plaintiff MARIA CRISTINA COLIN GOMEZ was injured in the car wreck.

38. Admit that the vehicle operated by MARIA CRISTINA COLIN GOMEZ was damaged as a result of the car wreck of August 17, 2015.

39. Admit that the vehicle operated by JOSE J. LOPEZ was damaged as a result of the car wreck on August 17, 2015.

40. Admit that the Plaintiff's, MARIA CRISTINA COLIN GOMEZ's, medical bills were ordinary and reasonable charges.

41. Admit that it was necessary for the Plaintiff, MARIA CRISTINA COLIN GOMEZ to incur medical bills as a result of her injuries.

42. Admit that JOSE J. LOPEZ did not suffer from any medical conditions or problems on August 17, 2015.

43. Admit that JOSE J. LOPEZ did not suffer from any medical conditions or problems on August 17, 2015 that contributed to cause the car wreck between Plaintiff, MARIA CRISTINA COLIN GOMEZ and Defendant, JOSE J. LOPEZ.

44. Admit that the Defendant's, JOSE J. LOPEZ's, vision of the vehicle occupied by the Plaintiff, MARIA CRISTINA COLIN GOMEZ, was not obscured or blocked by anything at the time of the motor vehicle collision made the basis of this lawsuit.

45. Admit that there was no superseding or intervening cause that contributed to the Defendant's, JOSE J. LOPEZ's, actions in this incident made the basis of Plaintiff's Complaint.

46. Admit that there was not a sudden emergency that caused or contributed to the Defendant's, JOSE J. LOPEZ's, actions in this incident made the basis of Plaintiffs Complaint.

47. Admit Plaintiff MARIA CRISTINA COLIN GOMEZ was not in any way contributory negligent.

48. Admit that the Plaintiff, MARIA CRISTINA COLIN GOMEZ, could not have done anything to avoid the car wreck.

49. Admit that there are no facts to support any defense of "capacity".

50. Admit that there are no facts to support any defense of "set off or credit".

51. Admit that there are no facts to support any defense of "last clear chance".

52. Admit that service process on the Defendant was sufficient and proper.

53. Admit that the Plaintiff did not have the "last clear chance".

54. Admit that there are no facts to support any defense of "statute of limitations".

55. Admit that there are no facts to support any defense of "standing".

56. Admit that there are no facts to support any defense of "waiver".

57. Admit that there are no facts to support any defense of "accord and satisfaction".

58. Admit that there are no facts to support any defense of "mitigation of damages".

59. Admit that on August 17, 2015 there were no defects with I-459 in the location where the car wreck occurred that in any way contributed to causing the car wreck.

60. Admit that no defects with the road caused or contributed to the car wreck JOSE J. LOPEZ was involved in on August 17, 2015 with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

61. Admit that no foreign objects or material in the roadway caused or contributed to the car wreck JOSE J. LOPEZ was involved in on August 17, 2015 with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

62. Admit that there was no mechanical defect or mechanical failure of the vehicle operated by JOSE J. LOPEZ that contributed to the car wreck she was involved in on August 17, 2015.

63. Admit that this car wreck could have been avoided if JOSE J. LOPEZ had kept a proper lookout and not entered into the lane the Plaintiff, MARIA CRISTINA COLIN GOMEZ's vehicle was occupying.

64. Admit that this car wreck could have been avoided if JOSE J. LOPEZ had been maintaining a safe distance from the Plaintiff's vehicle.

65. For each Request for Admission that you were unable to answer for any reason describe in detail the "reasonable inquiry" made by you to attempt to obtain information to either admit or deny the Request for Admission. (Note: Ala. R. Civ. Proc. 36(a) provides "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.")

(**Note: Ala. R. Civ. Proc. 36(a) provides "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.")**

*/s/ Mary Amari Bruce*
MARY AMARI BRUCE (AMA009)
Attorney for Plaintiff

**OF COUNSEL:**
The Mezrano Law Firm, P.C.
1801 Oxmoor Road, Suite 100
Homewood, Alabama 35209
(205) 206-6300
Email: mabruce@mezrano.com

**PLEASE SERVE REQUESTS FOR ADMISSION
ALONG WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **MARIA CRISTINA COLIN GOMEZ** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No.** |
| **v.** | ) |
| | ) |
| **JOSE J. LOPEZ,** | ) |
| **WERNER ENTERPRISES, INC., AND** | ) |
| **FICTITIOUS DEFENDANTS;** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S REQUESTS FOR ADMISSIONS PROPOUNDED UNTO DEFENDANT, WERNER ENTERPRISES, INC.

COMES NOW the Plaintiff in the above-styled cause and requests the Defendant, WERNER ENTERPRISES, INC. admit to the following Requests for Admissions within the time required by the Alabama Rules of Civil Procedure.

### INSTRUCTIONS

These Request for Admission will assist the trial court and all parties in narrowing the issues for trial. All attorneys are required to reach reasonable agreements and stipulations to assist the trial courts in narrowing the issues in cases by the Alabama Rules of Civil Procedure and Code of Professional Conduct.

Please not that the Alabama Rules of Civil <u>Procedure require you make an investigation and to either admit or deny each Request for Admission.</u> A discovery obstruction technique may involve stating "insufficient information" as a reason to refuse or fail to either admit or deny a Request for Admission. <u>It is not in compliance with the Alabama Rules of Civil Procedure to state that you do not have sufficient information</u> to either admit or deny a Request for Admission.

<u>"*The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter*.</u>"

<u>"*An answering party may not give lack of information or knowledge as a reason for failure to admit or deny* unless the party states the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny*.</u>"

Please note the Interrogatory included with these Request for Admissions requires you to identify the "reasonable inquiry" made by you to obtain information to either admit or deny each Request for Production.

If you fail to respond to any Request for Admission as required by the Alabama Rules of Civil Procedure the Plaintiff will be forced to seek judicial intervention to compel compliance with the Alabama Rules of Civil Procedure and will seek the costs and attorney's fees associated with any such Motion to Compel.

The Alabama Rules of Civil Procedure do not contemplate nor do they allow "general objections". If you assert "general objections" to any Request for Admission the Plaintiff will be forced to seek judicial intervention to strike such general objections and to compel compliance with the Alabama Rules of Civil Procedure and will seek the costs and attorney's fees associated with any such Motion to Compel.

1. Admit that jurisdiction and venue of this matter is proper in the Circuit Court of Jefferson County, Alabama.

2. Admit that the Circuit Court of Jefferson County, Alabama has personal jurisdiction over the parties to this action.

3. Admit that the Circuit Court of Jefferson County, Alabama has subject matter jurisdiction over this case.

4. Admit that the car wreck in this cause occurred on August 17, 2015

5. Admit that the car wreck with the Plaintiff occurred on August 17, 2015 in Jefferson County, Alabama.

6. Admit that JOSE J. LOPEZ was involved in a car wreck with the Plaintiff on August 17, 2015

7. Admit the vehicle operated by JOSE J. LOPEZ hit the vehicle occupied by Plaintiff on August 17, 2015.

8. Admit that JOSE J. LOPEZ was involved in a car wreck on I-459 in Jefferson County on August 17, 2015.

9. Admit that JOSE J. LOPEZ crashed into the side of the vehicle occupied by the Plaintiff on August 17, 2015.

10. Admit that on August 17, 2015 JOSE J. LOPEZ crashed the tractor trailer he operated into a vehicle occupied by the Plaintiff on I-459 in Jefferson County, Alabama.

11. Admit that I-459 in the location where the car wreck occurred, was dry at the time of the wreck on August 17, 2015

12. Admit that JOSE J. LOPEZ entered into the Plaintiff's lane on I-459 on August 17, 2015 causing the car wreck.

13. Admit that JOSE J. LOPEZ struck the Plaintiff's vehicle on August 17, 2015

14. Admit that JOSE J. LOPEZ was not paying attention and failed to keep his tractor trailer in the correct lane on I-459 on August 17, 2015 and as a result crashed into the vehicle the Plaintiff occupied.

15. Admit that JOSE J. LOPEZ did not keep a safe lookout ahead on August 17, 2015 which resulted in her crashing into the vehicle occupied by the Plaintiff.

16. Admit that JOSE J. LOPEZ knew on August 17, 2015, that she had a duty to keep a safe lookout for other vehicles.

17. Admit that JOSE J. LOPEZ knew on August 17, 2015 that she was not to drive in the lane that the Plaintiff occupied.

18. Admit that JOSE J. LOPEZ was traveling too fast under the circumstances to timely stop and avoid crashing into the vehicle occupied by the Plaintiff on August 17, 2015

19. Admit that on August 17, 2015, that JOSE J. LOPEZ came into the lane occupied by the Plaintiff resulting in JOSE J. LOPEZ being unable to stop the vehicle she operated before crashing into the vehicle occupied by the Plaintiff.

20. Admit JOSE J. LOPEZ failed to stop the vehicle she operated on August 17, 2015 and as a result she struck the vehicle occupied by the Plaintiff.

21. Admit JOSE J. LOPEZ entering the lane occupied by the Plaintiff was the cause of the car wreck on August 17, 2015

22. Admit JOSE J. LOPEZ never attempted to stop on August 17, 2015 before the tractor trailer she operated hit the vehicle the Plaintiff occupied.

23. Admit that the Plaintiff was already occupying her lane on August 17, 2015 when JOSE J. LOPEZ crashed the tractor trailer he operated into the vehicle occupied by the Plaintiff.

24. Admit or deny that JOSE J. LOPEZ observed the car occupied by the Plaintiff approaching him on August 17, 2015, before he crashed into the vehicle.

25. Admit that Alabama law required that JOSE J. LOPEZ have full and complete knowledge of the Code of Alabama Title 32 "Rules Of The Road" on August 17, 2015

26. Admit that the you were aware of the "Alabama Rules of the Road" included in Alabama Code 32-5A-1 through 32-5A-286 on August 17, 2015

27. Admit that Defendant's, JOSE J. LOPEZ's negligence proximately caused the collision made the basis of this lawsuit.

28. Admit that the Defendant's, JOSE J. LOPEZ's, wantonness proximately caused the collision made the basis of this lawsuit.

29. Admit that the Defendant's, JOSE J. LOPEZ's, negligence was the sole proximate cause of the collision with the Plaintiff.

30. Admit that Defendant's, JOSE J. LOPEZ's, wantonness was the sole proximate cause of the collision with the Plaintiff.

31. Admit that Defendant's, JOSE J. LOPEZ's, negligence was a proximate cause of the collision with the Plaintiff.

32. Admit that Defendant's, JOSE J. LOPEZ's, wantonness was a proximate cause of the collision with the Plaintiff.

33. Admit that the Plaintiff did nothing to cause the collision.

34. Admit that the Plaintiff did nothing to proximately cause or contribute to the motor vehicle collision between the Plaintiff and Defendant, JOSE J. LOPEZ on August 17, 2015.

35. Admit that the Plaintiff was not contributorily negligent in the motor vehicle collision involving the Plaintiff and Defendant JOSE J. LOPEZ on August 17, 2015.

36. Admit that the Plaintiff did not assume any risk in the motor vehicle collision between the Plaintiff and Defendant JOSE J. LOPEZ on August 17, 2015.

37. Admit that this car wreck could have been avoided if JOSE J. LOPEZ had been paying attention.

38. Admit that the Plaintiff was injured in the car wreck.

39. Admit that the vehicle operated by Plaintiff Maria Cristina Colin Gomez was damaged as a result of the car wreck of August 17, 2015

40. Admit that the tractor trailer operated by JOSE J. LOPEZ was damaged as a result of the car wreck on August 17, 2015

41. Admit that the Plaintiff's medical bills were ordinary and reasonable charges.

42. Admit that it was necessary for the Plaintiff to incur medical bills as a result of their injuries.

43. Admit that JOSE J. LOPEZ did not suffer from any medical conditions or problems on August 17, 2015

44. Admit that JOSE J. LOPEZ did not suffer from any medical conditions or problems on August 17, 2015 that contributed to cause the car wreck between the Plaintiff and Defendant, JOSE J. LOPEZ.

45. Admit that the Defendant's, JOSE J. LOPEZ's, vision of the vehicle occupied by the Plaintiff, was not obscured or blocked by anything at the time of the motor vehicle collision made the basis of this lawsuit.

46. Admit that there was no superseding or intervening cause that contributed to the Defendant's, JOSE J. LOPEZ's, actions in this incident made the basis of Plaintiff's Complaint.

47. Admit that there was not a sudden emergency that caused or contributed to the Defendant's, JOSE J. LOPEZ's, actions in this incident made the basis of Plaintiff's Complaint.

48. Admit the Plaintiff was not in any way contributory negligent.

49. Admit that the Plaintiff could not have done anything to avoid the car wreck.

50. Admit that there are no facts to support any defense of "last clear chance".

51. Admit that service process on the WERNER ENTERPRISES, INC. was sufficient and proper.

52. Admit that the Plaintiff did not have the "last clear chance".

53. Admit that there are no facts to support any defense of "statute of limitations".

54. Admit that there are no facts to support any defense of "standing".

55. Admit that there are no facts to support any defense of "waiver".

56. Admit that there are no facts to support any defense of "accord and satisfaction".

57. Admit that there are no facts to support any defense of "mitigation of damages".

58. Admit that on August 17, 2015 there were no defects with I-459 in the location where the car wreck occurred that in any way contributed to causing the car wreck.

59. Admit that no defects with the road caused or contributed to the car wreck JOSE J. LOPEZ was involved in on August 17, 2015 with the Plaintiff.

60. Admit that no foreign objects or material in the roadway caused or contributed to the car wreck JOSE J. LOPEZ was involved in on August 17, 2015 with the Plaintiff.

61. Admit that there was no mechanical defect or mechanical failure of the vehicle operated by JOSE J. LOPEZ that contributed to the car wreck she was involved in on August 17, 2015

62. Admit that this car wreck could have been avoided if JOSE J. LOPEZ had been paying attention to the roadway.

63. Admit that this car wreck could have been avoided if JOSE J. LOPEZ had been traveling in the correct lane and had not entered into the lane Plaintiff was occupying.

64. Admit that the car wreck could have been avoided if JOSE J. LOPEZ had stopped.

65. For each Request for Admission that you were unable to answer for any reason describe in detail the "reasonable inquiry" made by you to attempt to obtain information to either admit or deny the Request for Admission. (Note: Ala. R. Civ. Proc. 36(a) provides "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.")

**(Note: Ala. R. Civ. Proc. 36(a) provides "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.")**

*/s/ Mary Amari Bruce*
MARY AMARI BRUCE (AMA009)
Attorney for Plaintiff

<u>**OF COUNSEL:**</u>
Mezrano Law Firm
1801 Oxmoor Road
Homewood, Alabama 35209
Telephone: (205) 206-6300
E-mail: mabruce@mezrano.com

**PLEASE SERVE REQUESTS FOR ADMISSION
ALONG WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **MARIA CRISTINA COLIN GOMEZ** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) |
| **JOSE J. LOPEZ,** | ) |
| **WERNER ENTERPRISES, INC., AND** | ) |
| **FICTITIOUS DEFENDANTS;** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF DEFENDANT JOSE J. LOPEZ BY VIDEO AND STENOGRAPHIC MEANS

TO:     Counsel for Defendant JOSE J. LOPEZ

PLEASE TAKE NOTICE that at the time, date and place indicated below, the Plaintiff will take the testimony by deposition upon oral examination of the party listed below. Such deposition shall be taken for the purpose of discovery and/or for use as evidence in this action pursuant to the Alabama Rules of Civil Procedure, and shall be taken before a Court Reporter and Notary Public, who is authorized to administer oaths under the laws of the State of Alabama. Such deposition shall additionally be video recorded. Video recording is necessary and desirable to preserve the Defendant's testimony for use at trial and for cross examination at trial by the jury being allowed to view the Defendant's demeanor testifying in deposition. The video recording shall be taken in such a manner as to fairly and accurately depict the Defendant. The Plaintiff will bear the expense associated with video recording the deposition.

| | |
|---|---|
| DEPOSITION OF: | **JOSE J. LOPEZ** |
| DATE: | **A mutually agreed upon date** |
| TIME: | **A mutually agreed upon time** |
| LOCATION: | **Mezrano Law Firm**<br>**1801 Oxmoor Road**<br>**Homewood, Alabama 35209** |

**Please take notice that you are required to produce at the deposition the** following listed documents or other evidence.  If you produce these documents or evidence prior to the deposition, such will save all parties the time during the deposition to review the documents and evidence.

## DOCUMENTS OR THINGS TO BE PRODUCED

1.      Produce all driver's licenses and commercial driver's license(s) for the Defendant.  (This request includes all states and under any name used by the Defendant)

2.      Produce all documents and things reflecting suspension(s), revocation(s), reinstatement(s) restrictions, and or endorsements pertaining to the driver's license(s) and commercial driver's license(s), of Defendant.

3.      Produce all documents and things reflecting the driving history of the Defendant including but not limited to traffic citation(s) and car wrecks.

4.      Produce all documents and things pertaining to the vision and hearing of the Defendant including but not limited to optometrist records, ophthalmology records, eye glasses prescriptions, eye tests, contact lenses prescriptions, and hearing tests (one year before and one year after the date of the car wreck).

5.      Produce all the Defendant's prescriptions for medications including but not limited to prescriptions ten years before the car wreck and up to today's date.

6.      Produce all documents and things pertaining to the Defendant's health insurer(s) for one year before and one year after the car wreck made the basis of this claim.

7.      Produce all documents and things demonstrating doctors and health care providers that treated the Defendant five years before the car wreck and up to today's date.

8.      Produce all documents and things demonstrating all conviction(s) of the Defendant (*including but not limited to pleas of guilty, pleas, pleas of nolo contender, youthful offender pleas, petitions for protection from abuses (PFA), deferred prosecution(s), probation, revocation of probation*).

9.      Produce all documents and things demonstrating all arrests of the Defendant.

10.     Produce all photographs and digital videos, videos, DVD's, CD's, recordings, audio recordings, electronically stored recordings, digital recordings, prints, film, unprocessed film, movies of the following:

      a.   the vehicle the Plaintiff occupied;
      b.   all visible damage to the Plaintiff's vehicle;
      c.   the vehicle the Defendant occupied;
      d.   all visible damage to the Defendant's vehicle;
      e.   all vehicles involved in the wreck;
      f.   all visible damage to all vehicles involved in the wreck;
      g.   the Plaintiff;
      h.   surveillance of the Plaintiff;
      i.   social media of the Plaintiff;

j.   the Defendant;
k.   the scene of the car wreck;
l.   the road(s)/intersection(s) where the car wreck occurred;
m.  signs/traffic signals related to the car wreck;
n.   in any way demonstrating the Defendant Diane Strickland's vision was blocked;
o.   in any way excusing the Defendant Diane Strickland from causing the car wreck;
p.   showing the point of impact on the roadway of the vehicles;
q.   showing the car wreck;
r.   in any way pertaining to the car wreck.

11.     Produce all data from electronic control modules from the vehicle operated by the Defendant, the vehicle operated by the Plaintiff, the vehicle occupied by the Defendant, the vehicle occupied by the Plaintiff and all vehicle(s) involved in the car wreck in the car wreck made the basis of this claim.

12.     Produce all documents and things reflecting how the wreck made the basis of this claim happened.

13.     Produce all police report(s) regarding the car wreck as well as the following:
all report(s) of any kind related to the car wreck;
amendments and changes to the police report(s);
documents and things related to the police report(s).

14.     Produce all government report(s) regarding the wreck made the basis of this claim.   (*Government reports includes but is not limited to all governmental entities, municipalities, government agencies, quasi government agencies, state(s), counties, parish(es), town(s)*)

15.     Produce all documents and things reflecting all purchases on the day of the wreck including but not limited to the following:
Receipts;
Credit card statements;
Bank statements (by whatever name) reflecting debit(s) and purchases;
Invoice(s);
Billing(s).

16.     Produce all mileage log(s), all trip log(s), and sale(s) call(s) reports (by whatever name) for the day of the car wreck.

17.     Produce all documents and things reflecting on the day of the wreck the following:
a.   how the Defendant Diane Strickland left the scene;
b.   with whom the Defendant Diane Strickland left the scene;
c.   the starting point of the Defendant Diane Strickland's trip;

    d.  the Defendant Diane Strickland's destination.

18.    Produce all documents and things related to the GPS data for the day of the car wreck made the basis of this claim including but not limited to the following:

    a.  all GPS data that demonstrates the various locations of the vehicle the Defendant occupied;

    b,  the roads and routes traveled by the Defendant.

19.    Produce all calendars of the Defendant for the day of the car wreck including but not limited to the following:

    a.  a print out of all electronic calendars;

    b.  a copy of all paper calendars;

    c.  all work related calendars.

20.    Produce all documents and things for the day of the car wreck demonstrating the following:

    a.  persons following the Defendant;

    b.  persons the Defendant was following or the car the Defendant occupied was following.

21.    Produce the resume or CV of the Defendant.

22.    Produce all documents and things that demonstrate the employment status of the Defendant and that he was working on the day of the wreck including but not limited to the following:

    a.  Employment records;

    b.  Time card(s);

    c.  Computer records reflecting the hours the Defendant was employed (as many employers now use computer based time cards);

    d.  Independent contractor agreements or documents.

23.    Produce all documents and things that supports this Defendant's defense(s) of the Plaintiff's claims.

24.    Produce all documents and things that support or tend to support this Defendant's affirmative defense(s) including but not limited to the following:

    a.  All defenses asserted in the Defendant's answer;

    b.  All affirmative defenses;

    c.  Contributory negligence;

    d.  Sudden emergency;

    e.  Last clear chance;

Mechanical defect;

Proximate cause;

Causation;

The defense of fault of someone or something other than this Defendant was the cause of the wreck;

Insufficiency of service of process;
Lack of service of process;
Insufficiency of jurisdiction;
Lack of jurisdiction;
Statute of limitations;
Standing;.
Waiver;
Accord and satisfaction;
Assumption of the risk;
Causation regarding the injuries or damages;
Mitigation of damages; and
Set off or credit.

25.     Produce a list of all witnesses this Defendant intends to call at trial.

26.     Produce all documents and things that identify any witness(es) that have or are believed to have knowledge of the facts or circumstances of this car wreck including but not limited to the following:
person(s) within the sight or hearing of this car wreck;
any witness(es) that have or are believed to have knowledge of the facts and circumstances of the collision made the basis of this suit.

27.     Produce all policies of insurance coverage with the declarations page including but not limited to the following:
automobile insurance liability policy/policies;
umbrella policy/policies (by whatever name);
primary insurance policy/policies;
secondary insurance policy/policies;
uninsured and underinsured motorist policy/policies;
reinsurance policy/policies of insurance;
self insurance;
fleet policy/policies;
insurance coverage this Defendant had in place;
insurance coverage that the Defendant arguably had in place;
policies reflecting medical payments coverage;
all reservation of rights;
denial(s) of coverage.

28.     Produce all documents and things that in any way relate to conversation(s) regarding the car wreck made the basis of this lawsuit.

29.     Produce all documents and things that in any way relate to conversation(s), statement(s), exclamation(s), or declaration(s) regarding the car wreck made the basis of this lawsuit.

30.     Produce all statements/transcripts whether recorded, written or otherwise pertaining to the case including but not limited to the following:

      a. Statements/Transcripts of the Plaintiff(s);
      b. Statements/Transcripts of the Defendant(s);
      c. Statements/Transcripts of witness(es);
      d. Persons having any knowledge whatsoever of the car wreck;
      e. Persons having any knowledge whatsoever of the road;
      f. Persons having any knowledge whatsoever of the traffic signs/signals;
      g. Parties to the case.

31.     Produce all documents and things related to the scene of the car wreck including but not limited to the following:

      a. diagrams of the scene;
      b. maps of the scene;
      c. plats of the scene;
      d. sketches of the scene;
      e. inspections of the scene;
      f. the coefficient of friction on the roadway.

32.     Produce all documents and things indicating the point of impact of the vehicles.

33.     Produce all documents and things related to the maintenance and repair of the Defendant's vehicle for the past five years including but not limited to the following:

      a. Receipts for payments for repairs;
      b. Receipts for payments for maintenance;
      c. Receipts for each tire purchased;
      d. Warranties for each tire purchased;
      e. Estimate(s) for repairs;
      f. Estimate(s) for maintenance;
      g. Anything indicating a mechanical defect with the vehicle;
      j/ Anything indicating a mechanical defect with the vehicle on the date of the wreck.

34.     Produce all documents and things related to the vehicle the Defendant occupied on the date of the wreck including but not limited to the following:

      a. Inspections;
      b. Inspection reports;
      c. Auto damage appraisal(s);
      d. Appraisals;
Total loss report(s);
Bills for repair;
Estimate(s) for repair;
Payments for repair;
Bill of sale;
Leases;

Certificate of Title;
Documents and things reflecting who owned the vehicle;
Loan and financing documents.

35.     Produce all documents and things that in any way indicate something other than the car wreck made the basis of this claim caused or contributed to the injuries claimed by the Plaintiff.

36.     Produce all documents and things that indicate the health of the Plaintiff including but not limited to the following:
    a.  medical records and medical bills that indicate the Plaintiff suffered from a preexisting condition;
    b.  medical records and medical bills that indicate injuries the Plaintiff suffered before the car wreck;
    c.  medical records and medical bills that indicate sicknesses and illnesses the Plaintiff suffered before the car wreck;
    d.  medical records and medical bills that indicate injuries suffered by the Plaintiff after the car wreck;
    e.  medical records and medical bills that indicate the Plaintiff was not injured as a proximate result of the car wreck;
    f.  medical records and medical bills that indicate the Plaintiff was not injured to the extent claimed as a proximate result of the car wreck;
    g.  medical records and medical bills that indicate the Plaintiff suffered an injury after the car wreck made the basis of this claim;
    h.  social media of the Plaintiff.

37.     Produce all documents and things that tends to contradict the Plaintiff's damages claims.

38.     Produce all documents and things in any way dispute the Plaintiff's lost wages claims.

39.     Produce all written and recorded communication that the Defendant or Defendant's attorney has had with the Plaintiff's medical providers.

40,     Produce a copy of all documents and things related to experts this Defendant has retained including but not limited to:Documents and things provided to each and every expert;
    a.  Documents and things provided by each and every expert to the Defendant;
    b.  Materials provided to each and every expert;
    c.  Materials provided to the Defendant or through counsel from      each and every expert;
    d.  Written reports provided to every expert;
    e.  Written reports provided to the Defendant or through counsel from every expert;

 f. Notes to and from every expert;
 g. Emails to and from each expert;
 h. Depositions Defendant's expert has given in the past ten years;
 i. Every resume/curriculum vitae of each and every expert;
 j. Reports in which this Defendant's expert has expressed an expert opinion in any case;
 k. Reports or data related to experiments performed;
 l. Every experts entire file.

40. Produce all cellular telephone records for all cellular telephones the Defendant used on the date of the car wreck including but not limited to the following:

 a. statements and bills reflecting calls made by the Defendant;
 b. statements and bills reflecting calls made to the Defendant;
 c. text messages made by the Defendant;
 d. text messages the Defendant received.

41. Produce documents and things related to litigation involving the Defendant including but not limited to the following:

 a. Release(s) signed by the Defendant;
 b. Lawsuits filed by the Defendant;
 c. Lawsuits filed against the Defendant;
 d. Settlements entered into by the Defendant;
 e. insurance claims made by the Defendant;
 f. Insurance claims made against the Defendant.

42. Produce documents and things related to litigation and pre-litigation involving the Plaintiff including but not limited to the following:

 a. Release(s) signed by the Plaintiff;
 b. Lawsuits filed by the Plaintiff;
 c. Lawsuits filed against the Plaintiff;
 d. Settlements entered into by the Plaintiff;
 e. Insurance claims made by the Plaintiff;
 f. Insurance claims made against the Plaintiff.

43. Produce all documents and things related to testing of the Defendant on the date of and within ten days before and after the car wreck including but not limited to the following:

 a. blood test(s);
 b. results blood test(s);
 c. urine test(s);
 d. results of urine test(s);
 e. hair follicle test(s);
 f. results of hair follicle test(s).
 g. draeger test(s);
 h. field sobriety test(s);
 i. breathalyzer test(s).

44.    Produce all notes, memoranda, etc. of any investigation conducted before consulting an attorney.

46.   Produce all documents and things that indicate the cause of car wreck in this case including but not limited to the following:
   a.   Persons at fault for the car wreck;
   b.   Things that played a part in the car wreck;
   c.   Mechanical defect(s);
   d.   Defect(s) or problem(s) with the roadway;
   e.   Defect(s) or problem(s) with any traffic signals or traffic signs or lack thereof.

45.    Produce any and all tax returns of Defendant for the past ten (3) years to determine Defendant's financial capability to pay a judgment or pay a judgment in excess of the policy limits of Defendant's insurance.

46.    Produce a copy of deposition(s) the Defendant has ever given including the deposition in this case.

47.    Produce a copy of all documents that have been subpoenaed in this case.

*48.*    Produce a copy of any journal the Defendant uses to make notes and any notes in any form that the Defendant made in anyway pertaining to this case.  *This does not include any notes to the Defendant's lawyer.*

49.    Produce all documents and things that the Defendant intends to use at trial including but not limited to the following: evidence, emails, recordings, photographs, videos, video tapes, cds, dvds, medical records, medical bills, demonstrative exhibits, power point presentations, digital computer animations charts, sketches, diagrams, maps, expert documents, social media, depositions, subpoenaed documents, impeachment evidence, things that tend to impeach the plaintiff, criminal records of the plaintiff, etc.

50.    Produce all documents and things that the Defendant knows of related to this case including but not limited to the following: evidence, emails, recordings, photographs, videos, video tapes, cds, dvds, medical records, medical bills, demonstrative exhibits, power point presentations, digital computer animations charts, sketches, diagrams, maps, expert documents, social media, depositions, subpoenaed documents, impeachment evidence, things that tend to impeach the plaintiff, criminal records of the plaintiff, etc.

51.    Produce all depositions taken in this case.

52.    Produce all documents and things demonstrating all entities and persons with any type of interest in the Plaintiff's claims related to the car wreck including but not limited to the following:

    a.  Liens;
    b.  Hospital liens;
    c.  Subrogation interests;
    d.  Subrogation claims;
    e.  Medicare lien;
    f.  Medicare documents;
    g.  Medicaid lien;
    h.  Medicaid documents;
    i.  Health insurance documents.

53. Produce all code(s), statutes, regulations, treatises, industry standards, standards law, laws, book, books this Defendant contends has/have any applicability to this case.

54. Produce all documents and things that have been listed in the Defendant's Witness and Exhibit List.

Respectfully submitted:

_/s/ Mary Amari Bruce_____
MARY AMARI BRUCE (AMA009)
Attorney for Plaintiff

**OF COUNSEL:**
Mezrano Law Firm
1801 Oxmoor Road
Homewood, Alabama 35209
Telephone: (205) 206-6300
E-mail: mabruce@mezrano.com

**TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MARIA CRISTINA COLIN GOMEZ | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. |
| **v.** | ) |
| | ) |
| JOSE J. LOPEZ, | ) |
| WERNER ENTERPRISES, INC., AND | ) |
| FICTITIOUS DEFENDANTS; | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF
## CORPORATE REPRESENTATIVE OF DEFENDANT WERNER ENTERPRISES, INC.
## BY VIDEO AND STENOGRAPHIC MEANS

TO:    Counsel for Defendant WERNER ENTERPRISES, INC.

     PLEASE TAKE NOTICE that at the time, date and place indicated below, the Plaintiff will take the testimony by deposition upon oral examination of the party listed below. Such deposition shall be taken for the purpose of discovery and/or for use as evidence in this action pursuant to the Alabama Rules of Civil Procedure, and shall be taken before a Court Reporter and Notary Public, who is authorized to administer oaths under the laws of the State of Alabama. Such deposition shall additionally be video recorded. Video recording is necessary and desirable to preserve the Defendant's testimony for use at trial and for cross examination at trial by the jury being allowed to view the Defendant's demeanor testifying in deposition. The video recording shall be taken in such a manner as to fairly and accurately depict the Defendant. The Plaintiff will bear the expense associated with video recording the deposition.

DEPOSITION OF:        **Corporate Representative of WERNER ENTERPRISES, INC.**

DATE:              **A mutually agreed upon date**

TIME:              **A mutually agreed upon time**

LOCATION:          **Mezrano Law Firm**
                   **1801 Oxmoor Road**
                   **Homewood, Alabama 35209**

     **Please take notice that you are required to produce at the deposition the following listed documents or other evidence. If you produce these documents or evidence prior to the deposition, such will save all parties the time during the deposition to review the documents and evidence.**

## DOCUMENTS OR THINGS TO BE PRODUCED

1.   Produce all exhibits/evidence this Defendant intends to introduce in the trial of this case.

2.   Produce all documents and things that have been listed in the Defendant's Witness and Exhibit List.

3.   Produce all documents and things that this Defendant relies on in the **defense** of the case**.**

4.   Produce all documents and things that support or tend to support this Defendant's **affirmative defense(s).**

5.   Produce all documents and things that **provide any basis for this Defendant's affirmative defense(s).**

6.   Produce all documents and things that support or tend to support any of the following defenses: "sudden emergency", "last clear chance", "mechanical defect", "proximate cause", "causation", "contributory negligence", "that the car wreck made the basis of this claim was the fault of someone other than the Defendant", "insufficiency or lack of service of process", "lack of jurisdiction", "statute of limitations", "standing", "waiver", "accord and satisfaction", "assumption of the risk", "intervening and or superseding cause or event", "causation regarding the injuries or damages", "mitigation of damages", and "set off or credit".

7.   Produce all **codes** and **regulations** *including but not limited to* the Code of Federal Regulations and the Federal Motor Carrier Safety Act regulations this Defendant contends have any applicability in this case.

8.   Produce all documents, evidence and things that indicate the wreck in this case was caused by the **<u>fault of someone or something other than the parties listed</u>** in the Complaint.

9.   Produce all documents, evidence and things that indicate the wreck in this case was caused by a **<u>mechanical defect.</u>**

10.   Produce all documents, evidence and things that indicate the wreck in this case was caused by a **<u>defect or problem with the roadway.</u>**

11.   Produce all documents, evidence and things that indicate the wreck in this case was caused by a **<u>defect or problem with any traffic signals or traffic signs or lack thereof.</u>**

12.   Produce all **<u>statutes</u>** this Defendant contends has any applicability to this case.

13.   Produce all **<u>regulations</u>** this Defendant contends has any applicability to this case.

14.   Produce all **<u>treatises and books</u>** this Defendant contends has any applicability to this case.

15.  Produce all **<u>standards</u>** this Defendant contends has any applicability to this case.

16.  Produce all **<u>laws</u>** this Defendant contends has any applicability to this case.

17.  Produce a copy of all documents that have been **<u>subpoenaed.</u>**

18.  Produce all **depositions** taken in this case.

19.  Produce a copy of all **<u>depositions the Defendant</u>** JOSE J. LOPEZ has ever given.

20.  Produce all **<u>digital computer animations</u>** related to this case.

21.  Produce all **<u>physical evidence</u>** removed from the scene of the wreck.

22.  Produce all **<u>Power Point presentations</u>** related to this case.

23.  Produce all things including but not limited to documents, photographs, videos, evidence and or exhibits that the Defendant knows of or anticipates the use of at trial.

24.  Produce all things pertaining to the wreck of August 17, 2015.

25.  Produce a copy of all documents and things (including but not limited to paper documents and electronically stored information) this Defendant **<u>provided to each and every expert</u>** and all materials provided to this Defendant by each and every expert whom this Defendant expects to call at trial.

26.  Produce all written reports and notes from each and every **<u>expert whom this Defendant expects to call</u>** at trial.

27.  Produce all **<u>correspondence and emails to and from each expert</u>** this Defendant intends to call as a witness at trial.

28.  Produce all **<u>depositions</u>** this Defendant's expert has given in the past ten years for each expert this Defendant intends to call at trial.

29.  Produce a copy of each and every **<u>resume/curriculum vitae of each expert</u>** this Defendant intends to call at trial.

30.  Produce all **<u>reports</u>** in which an expert this Defendant has retained has expressed an opinion.

31.  Produce all **<u>reports</u>** in which an expert has expressed an opinion for each expert this Defendant expects to call at trial.

32.   Produce documents and things (including but not limited to paper documents and electronically stored information) related to all **experiments performed**.

33.   Produce the entire **file of all experts** this Defendant intends to call at the trial of this case (including but not limited to all paper files and electronic files).

34.   Produce all documents, electronically stored information, things and reports demonstrating any **accident reconstruction** of this wreck.

## DRIVER SPECIFIC DOCUMENTS

35.   Produce a copy of JOSE J. LOPEZ's **birth certificate**.

36.   Produce a copy of JOSE J. LOPEZ's **Social Security Card**.

37.   Produce a copy of all **journals** of JOSE J. LOPEZ.

38.   Produce a copy of all **notes** JOSE J. LOPEZ has made in any way pertaining to the wreck.

39.   Produce JOSE J. LOPEZ's **driver's history.** (See 49 CFR §391.23)

40.   Produce all **citations, warnings, fines, tickets** issued by any governmental entity pertaining to JOSE J. LOPEZ.

41.   Produce all documents and things **reflecting wrecks** JOSE J. LOPEZ has had in the past.

42.   Produce all **police reports reflecting wrecks** JOSE J. LOPEZ has had in the past.

43.   Produce all **tax returns** of JOSE J. LOPEZ for the past ten years to determine JOSE J. LOPEZ's financial capability to pay a judgment or pay a judgment in excess of the policy limits of WERNER ENTERPRISES, INC.'s insurance.

44.   Produce all JOSE J. LOPEZ's **credit card statements** reflecting purchases JOSE J. LOPEZ made on the day of the wreck and one day before the wreck made the basis of this claim.

45.   Produce all JOSE J. LOPEZ's **debit card statements** reflecting purchases JOSE J. LOPEZ made on the day of the wreck and one day before the wreck made the basis of this claim.

46.   Produce all JOSE J. LOPEZ's **fuel card statements** reflecting purchases JOSE J. LOPEZ made on the day of the wreck and for the month of the wreck made the basis of this claim.

47.   Produce all **record of duty status, driver's daily log, log book, logs, mileage logs** (by whatever name) reflecting JOSE J. LOPEZ's "hours of service and mileage from **February**

**21, 2014 through December 30, 2014** (See 49 CFR §395.8). This request includes all electronically stored information *(including but not limited to data generated by any automatic on-board recording device that meets the requirements of 49 CFR §395.15). (Please be mindful that Plaintiff's counsel is fully aware of the practices of professional CDL drivers having represented many in personal injury and worker's compensation cases and has been informed by every driver that he/she cannot profit or make money without generating a set of log books that falsify the hours of service. Therefore, this request includes a request for any log books that ever falsified any hours of service.)*

48.   Produce all sets of log books **record of duty status, driver's daily log, log book, logs, mileage logs** (by whatever name) that JOSE J. LOPEZ generated while employed by WERNER ENTERPRISES, INC. reflecting JOSE J. LOPEZ's "hours of service and mileage (See 49 CFR §395.8). This request includes all electronically stored information *(including but not limited to data generated by any automatic on-board recording device that meets the requirements of 49 CFR §395.15). (Please be mindful that Plaintiff's counsel is fully aware of the practices of professional CDL drivers having represented many in personal injury and worker's compensation cases and has been informed by every driver that he/she cannot profit or make money without generating a set of log books that falsify the hours of service. Therefore, this request includes a request for any log books that ever falsified any hours of service.)*

49.   Produce all **emails** JOSE J. LOPEZ sent and received on the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

50.   Produce a print out of JOSE J. LOPEZ's **electronic calendar and paper calendar** for the day of the wreck made the basis of this claim.

## DRIVER CELLULAR TELEPHONE RECORDS

51.   Produce all cellu**lar telephone records, statements, bills, documents and things reflecting calls** made by JOSE J. LOPEZ and calls JOSE J. LOPEZ received on the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

52.   Produce all text messages JOSE J. LOPEZ sent and received on the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

53.   Produce all cellular telephone records, statements, bills, documents and things reflecting **text messages** made by JOSE J. LOPEZ and/or text messages JOSE J. LOPEZ

received in the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

54.   Produce a **print out of all text messages** made by JOSE J. LOPEZ and/or text messages JOSE J. LOPEZ received on the day of the wreck and from August 7, 2015 to August 27, 2015, 2016(ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

55.   Produce all **cellular telephone records** for cellular telephones JOSE J. LOPEZ **used** on the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

56.   Produce all documents and things that indicate the **electronic device** JOSE J. LOPEZ had on the date of the wreck. *(Electronic device includes but is not limited to a cellular phone, personal digital assistant, pager, computer, or any other device used to input, write, send, receive, or read text)*

57.   Produce all **lawsuits and claims filed by** JOSE J. LOPEZ.

58.   Produce all **lawsuits and claims against** JOSE J. LOPEZ.

59. Produce all documents and things reflecting **settlements** ever entered into by JOSE J. LOPEZ.

60.   Produce **all claims, payments, and correspondence related to the damage** to the tractor-trailer and vehicle JOSE J. LOPEZ drove on the date of the wreck.

## DRIVER'S HEALTH

61.   Produce all records pertaining to the **vision** of JOSE J. LOPEZ such as optometrist records, ophthalmology records, eye glasses prescriptions, eye tests, and contact lenses prescriptions.

62.   Produce all **prescriptions for medications** pertaining to JOSE J. LOPEZ one year before and since the wreck made the basis of this claim.

63.   Produce all document and things that demonstrate companies and entities that have provided **health insurance** for JOSE J. LOPEZ.
*("Documents and things" **includes but is not limited to** all electronically stored information, digital data, stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

64.  Produce all **medical records** pertaining to JOSE J. LOPEZ one year before and since the wreck made the basis of this claim.

## DRIVER'S CRIMINAL HISTORY

65.  Produce all records related to JOSE J. LOPEZ ever being arrested and/or convicted of a crime.

66**.** Produce all documents (*including but not limited to paper documents and electronically stored information*) reflecting all **arrest(s), notifications of convictions pursuant to 49 CFR §383.31**, conviction(s), pleas of guilty, pleas, pleas of nolo contendre, youthful offender actions, petitions for protection from abuses (PFA), deferred prosecution(s) , probation, revocation of probation of JOSE J. LOPEZ.

## EMPLOYMENT DOCUMENTS FROM THE TRUCKING COMPANY EMPLOYER

67.  Produce the **personnel file** for JOSE J. LOPEZ (See 49 CFR § 391.51)

68.  Produce the **driver qualification file** for JOSE J. LOPEZ (See 49 CFR § 391.51 and § 391.21)

69.  Produce a copy of JOSE J. LOPEZ'S most current **resume**.

70.  Produce the **application** for employment for JOSE J. LOPEZ (See 49 CFR § 391.51)

71.  Produce a copy of JOSE J. LOPEZ's most current **certificate of written examination.**

72.  Produce a copy of all JOSE J. LOPEZ's **written examination(s) and the answers thereto.**

73.  Produce the **motor vehicle record received from each State pursuant to §391.23(a)(1)**

74.  Produce the **certificate of driver's road test issued to the driver pursuant to § 391.31(e)**

75.  Produce the **license or certificate which the motor carrier accepted as equivalent to the driver's road test** pursuant to § 391.33.

76.  Produce the motor vehicle record received from each State driver licensing agency pursuant to the **annual driver record inquiry required by § 391.25(a)**

77.  Produce the **note(s) relating to the annual review of JOSE J. LOPEZ's driving record as required by § 391.25(c)(2)**

78.  Produce the **motor vehicle record** received from each State driver licensing agency to the annual driver record inquiry required by § 391.25(a) pertaining to JOSE J. LOPEZ.

79.  Produce a **list or certificate relating to violations of motor vehicle laws and ordinances required by § 391.27 pertaining to JOSE J. LOPEZ.**

80.  Produce the **medical examiner's certificate** as required by § 391.43(g) or a legible copy of the certificate.

81**.**  Produce all **records from the CDLIS** (49 CFR §383.5 Commercial Driver's License Information System) pertaining to JOSE J. LOPEZ.

82.  Produce the **motor vehicle record defined at § 384.105 from the CDLIS** pertaining to JOSE J. LOPEZ.

83.  Produce JOSE J. LOPEZ'S current **medical examiner's certificate** that was submitted to the State.

84.  Produce all **medical variance(s)** from FMCSA required to be in the driver's file (See § 391.51(b)(8) )

85.  Produce the **Skill Performance Evaluation Certificate** obtained from a Field Administrator, Division Administrator, or State Director issued in accordance with § 391.49 for JOSE J. LOPEZ.

86.  Produce the **Medical Exemption document,** issued by a Federal medical program in accordance with part 381.

87.  Produce all records relating to **verification of medical examiner listing on the National Registry of Certified Medical Examiners** required by § 391.23(m).

88.  Produce all documents and things that demonstrate JOSE J. LOPEZ was in the **line and scope of employment** at the time of the wreck made the basis of this claim. *("Documents and things" **includes but is not limited to** all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

89.  Produce all **employment time cards** for JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

90.  Produce all work and **employment records** pertaining to JOSE J. LOPEZ.   (See 49 CFR § 383.35)

91.  Produce all **"out-of-service order(s)"** pertaining to JOSE J. LOPEZ.

92.  Produce the list of the **names and addresses of the applicant's previous employers** for which the applicant was an operator of a commercial motor vehicle.

93.  Produce all records, documents and things (***including but not limited to paper documents and electronically stored information***)that have been retained related to JOSE J. LOPEZ's **driving history and employment history**.

94.  Produce the list or certificate relating to **violations** of motor vehicle laws and ordinances required by § 391.27.

95.  Produce all documents and things (*including but not limited to paper documents and electronically stored information*) reflecting that JOSE J. LOPEZ **refused to undergo any testing**.  (49 CFR §383.51 refusal to undergo testing)

96.  Produce all documents and things reflecting that JOSE J. LOPEZ was an **employee**, independent, owner-operator contractor.

97.  Produce all **workers compensation** claims pertaining to JOSE J. LOPEZ.

98.  Produce all **termination** records regarding JOSE J. LOPEZ.

99.  Produce all **disciplinary records** regarding JOSE J. LOPEZ.

100.  Produce all **promotion records** regarding JOSE J. LOPEZ.

101.  Produce all **payment records** regarding JOSE J. LOPEZ.
102.  Produce all **time sheets** regarding JOSE J. LOPEZ.

103.  Produce all **duty rosters** regarding JOSE J. LOPEZ.

104.  Produce all **schedules** regarding JOSE J. LOPEZ.

105.  Produce all **company forms that were used** during the time period that the JOSE J. LOPEZ has been employed with WERNER ENTERPRISES, INC.

106. Produce all **checklist(s)** provided to JOSE J. LOPEZ.

107.  Produce all **checklist(s)** provided to or used during the time that JOSE J. LOPEZ was an employee.

108. Produce all **manuals** including but not limited to **operating manuals** provided to JOSE J. LOPEZ.

109.  Produce all **manuals** including but not limited to **operating manuals** provided to or used during the time that JOSE J. LOPEZ was an employee.

110. Produce all **manuals** provided to JOSE J. LOPEZ.

111. Produce all **manuals** provided to or used during the time that JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

112. Produce all **written instructions and electronic instructions** provided to JOSE J. LOPEZ.

113. Produce all **written instructions and electronic instructions** provided to or used during the time that JOSE J. LOPEZ was an employee.

114. Produce all **handbook(s)** provided to JOSE J. LOPEZ.

115. Produce all **handbook(s)** provided to or used during the time that JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

116. Produce all **guidelines** provided to JOSE J. LOPEZ.

117. Produce all **guidelines** provided to or used during the time that JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

118. Produce all **pamphlet(s)** provided to JOSE J. LOPEZ.

119. Produce all **pamphlet(s)** provided to or used during the time that the JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

120. Produce all **maintenance logs** for the motor vehicle (the tractor-trailer) involved in the wreck on August 17, 2015 for one year prior (before) to August 17, 2015  and six months after August 17, 2015.

121. Produce all **inspection lists** provided to the JOSE J. LOPEZ.

122. Produce all **manuals** provided to or used during the time that the JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

123. Produce the **investigation of the driver's safety performance history** with Department of Transport regulated employers during the preceding three years. (See 49 CFR § 391.23)

124. Produce all **motor vehicle record(s) obtained in response to the inquiry or inquiries to each State required by paragraph 49 CFR § 391.23 (a)(1)** as part of the **investigation of the driver's safety performance history** that must be placed in the driver qualification file within 30 days of the date the driver's employment begins and be retained in compliance with § 391.51.

125.  Produce all documents (including but not limited to paper and electronically stored information) placed in the **driver qualification file** (including paper documents and electronically stored information) for JOSE J. LOPEZ within 30 days of the date of the driver's employment in compliance with § 391.51.

126.  Produce all documents (including but not limited to paper and electronically stored information) demonstrating the **documentation of the "good faith effort" and certification the motor carrier made in its attempt obtain State motor vehicle records** for JOSE J. LOPEZ when the state contended no such records existed. (*See 49 CFR § 391.23 replies to the investigations of the driver's safety performance history required by paragraph (a)(2) of this section, or documentation of good faith efforts to obtain the investigation data, must be placed in the driver investigation history file, after October 29, 2004, within 30 days of the date the driver's employment begins*)

127.  Produce all documents (including but not limited to paper and electronic data) regarding the **investigation of JOSE J. LOPEZ**. (*See 49 CFR § 391.23 The investigation may consist of personal interviews, telephone interviews, letters, or any other method for investigating that the carrier deems appropriate. Each motor carrier must make a written record with respect to each previous employer contacted, or good faith efforts to do so. The record must include the previous employer's name and address, the date the previous employer was contacted, or the attempts made, and the information received about the driver from the previous employer. Failures to contact a previous employer, or of them to provide the required safety performance history information, must be documented. The record must be maintained pursuant to § 391.53.Prospective employers should report failures of previous employers to respond to an investigation to the FMCSA following procedures specified at § 386.12 of this chapter and keep a copy of such reports in the Driver Investigation file as part of documenting a good faith effort to obtain the required information.*)

128.  Produce the **"Driver's Investigation file"** (See 49 CFR § 391.23*)*

129.  Produce all documents and things reflecting **internal investigations** of JOSE J. LOPEZ.
*("Documents and things" **includes but is not limited to** all electronically stored information, digital data, stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

130.  Produce all **files of "accidents"** maintained by WERNER ENTERPRISES, INC. (See 49 CFR § 390.15) (This request includes all paper files and electronic files)

131.  Produce all documents (*including but not limited to paper and electronically stored information*) pertaining to **"accidents"** involving JOSE J. LOPEZ.   (See 49 CFR § 391.23 and 49 CFR § 390.5*)*

132.  Produce all documents (*including but not limited to paper and electronically stored information*) indicating JOSE J. LOPEZ ever **tested positive on an alcohol test or drug test**.(See 49 CFR § 391.23 and 49 CFR § 382 *)*

133.  Produce all documents (*including but not limited to paper documents and electronically stored information*) indicating JOSE J. LOPEZ was **terminated by a previous employer** because he **tested positive on an alcohol test or drug test**.(See 49 CFR § 391.23 and 49 CFR § 382 *)*

134.  Produce all documents (*including but not limited to paper and electronically stored information*) indicating JOSE J. LOPEZ ever refused **an alcohol test or drug test**.(See 49 CFR § 391.23 and 49 CFR § 382*)*

135.  Produce the **Medical Examiner's certificate** for JOSE J. LOPEZ.(See 49 CFR § 391.43*)*

136.  Produce all documents (including but not limited to paper and electronically stored information) related to WERNER ENTERPRISES, INC.'s **compliance with 49 CFR §391**.

137.  Produce all **course materials** for courses (including safety course(s), safe driving course(s), defensive driving course(s), and training course(s) ) completed by the JOSE J. LOPEZ.  This request includes but is not limited to documents, handouts, memos, manuals, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives.

138.  Produce the **certificate of driver's road test** for driver JOSE J. LOPEZ.

139.  Produce the **record road test for the driver** JOSE J. LOPEZ.

## LICENSE HISTORY

140.  Produce the JOSE J. LOPEZ's **commercial learner's permit**.  (See 49 CFR §383.25)

141.  Produce all driver's **license disqualifications** (See 49 CFR **§**383 Disqualification of driver's license).

142.  Produce JOSE J. LOPEZ's **driver's license(s) and commercial driver's license(s)** in all states in which JOSE J. LOPEZ has been licensed to drive. (See 49 CFR **§**383.5)

143.  Produce JOSE J. LOPEZ'S **driver's license history and commercial driver's license history** from every state in which JOSE J. LOPEZ was/is licensed to drive.

144. Produce all documents and things reflecting the **suspension(s), revocation(s), and reinstatement(s)** of JOSE J. LOPEZ's driver's license and commercial driver's license.
(*"Documents and things"* **_includes but is not limited to_** *all electronically stored information, digital data, stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails*)

145. Produce all documents and things reflecting **restrictions and endorsements** on JOSE J. LOPEZ's driver's license and commercial driver's license.
(*"Documents and things"* **_includes but is not limited to_**_all electronically stored information, digital data, stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails*)

## DOCUMENTS RELATED TO THE DAY OF THE WRECK AND THE TRIP

146. Produce all documents (*including but not limited to paper documents and electronically stored information*) reflecting **leases, subleases, trip leases** and the like pertaining to JOSE J. LOPEZ.

147. Produce the contract agreement related to the **load that was being hauled** on the day of the wreck.

148. Produce the all documents and things (*including but not limited to paper documents and electronically stored information*) demonstrating the **load that was being hauled** and the weight of the load that was being hauled at the time of the wreck.

149. Produce the all documents and things (*including but not limited to paper documents and electronically stored information*) demonstrating the complete **weight of the truck, tractor-trailer including the load**.

150. Produce all **dispatch records** on the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

151. Produce all **bills of lading** pertaining to this case (*including but not limited to paper documents and electronically stored information*).

152. Produce all **loading tickets** for the day of the wreck (*including but not limited to paper documents and electronically stored information*).

153. Produce all documents and things (including but not limited to paper and electronically stored information) reflecting **how the wreck made the basis of this claim happened**.

154. Produce all **police report**(s) and report(s) of law enforcement authorities regarding the wreck made the basis of this claim (*including but not limited to paper documents and electronically stored information*).

155. Produce all **amendments and changes** to the police report(s) and reports of law

enforcement authorities regarding the wreck made the basis of this claim.

156.   Produce all **report(s) of any kind** pertaining to the wreck made the basis of this claim (*including but not limited to paper documents and electronically stored information*).

157.   Produce all **report(s) by any name from insurance** company (ies) regarding the wreck made the basis of this claim.

158.   Produce all **government agency** report(s) by any name regarding the wreck made the basis of this claim.

159.   Produce all receipt(s) for **all purchases** JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

160.   Produce all receipt(s) for all **food purchases** JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

161.   Produce all receipt(s) for all **alcohol purchases** JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

162.   Produce all the **credit card statements** reflecting purchases JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

163.   Produce all **bank statements** (by whatever name) reflecting **credit and debit(s) purchases** made by JOSE J. LOPEZ on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

164.   Produce all **fuel card statements** of this Defendant reflecting purchases JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

165.   Produce all **invoice(s)** for all purchases made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

166.   Produce all **billing(s)** JOSE J. LOPEZ generated on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

167. Produce all **scale ticket(s)** JOSE J. LOPEZ generated on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

168.   Produce all documents (including but not limited to paper documents and electronically stored information) JOSE J. LOPEZ generated on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

169.   Produce all  **record of duty status, driver's daily log, log book, logs, mileage log(s)** (by whatever name) of JOSE J. LOPEZ's "hours of service" and mileage that cover the time periods of the day of the wreck, six months before and up to the day of the wreck and six months after the day of the wreck made the basis of this claim.(See 49 CFR **§**395.8) This request includes all electronically stored information (*including but not limited to data generated by any automatic on-board recording device that meets the requirements of 49 CFR§ 395.15*).(*Please be mindful that Plaintiff's counsel is fully aware of the practices of professional CDL drivers having represented many in personal injury and workers compensation cases and has been informed by every driver that he/she cannot profit or make money without generating a set of log books that falsify the hours of service. Therefore, this request includes a request for any log books that falsified any hours of service ever.*)

170.   Produce all sets of **log books record of duty status, driver's daily log, log book, logs, mileage log(s)** (by whatever name) that JOSE J. LOPEZ generated **while employed by WERNER ENTERPRISES, INC.** reflecting JOSE J. LOPEZ's "hours of service" and mileage (See 49 CFR **§**395.8)This request includes all electronically stored information (*including but not limited to data generated by any automatic on-board recording device that meets the requirements of 49 CFR§ 395.15*).  (*Please be mindful that Plaintiff's counsel is fully aware of the practices of professional CDL drivers having represented many in personal injury and workers compensation cases and has been informed by every driver that he/she cannot profit or make money without generating a set of log books that falsify the hours of service. Therefore, this request includes a request for any log books that falsified any hours of service ever.*)

171.   Produce all **trip sheets, trip envelopes, trip papers** (by whatever name) reflecting JOSE J. LOPEZ's travel on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

172.   Produce all **notes** of WERNER ENTERPRISES, INC.  regarding the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

173.   Produce all **electronically stored information** JOSE J. LOPEZ generated on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

174.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting how JOSE J. LOPEZ **left the scene.**
*("Documents and things" **includes but is not limited to** all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

175.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **who picked up** JOSE J. LOPEZ from the scene of the wreck made the basis of this claim.

*("Documents and things" **includes but is not limited to** all electronically stored information, digital data, stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

176.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that **reflect the starting point** of JOSE J. LOPEZ's trip on the day of the wreck made the basis of this claim.

*("Documents and things" **includes but is not limited to** all electronically stored information, digital data, stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

177.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that reflect JOSE J. LOPEZ's **destination** of the day of the wreck made the basis of this claim.

178.  Produce all **GPS data** that demonstrates the various locations of the Commercial Motor Vehicle JOSE J. LOPEZ drove on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

179.  Produce all **GPS data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

180.  Produce all **data on board recording devices** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

181.  Produce all **satellite data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

182.  Produce all **tracking device information** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

183.  Produce all **qualcom data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

184.  Produce all **rapid deceleration data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

185.  Produce all **rapid acceleration data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

186.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating **individuals following** JOSE J. LOPEZ's on the day of the wreck made the basis of this claim.
*("Documents and things" **includes but is not limited** to all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

187.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating **individuals that were following** JOSE J. LOPEZ on the day of the wreck made the basis of this claim.
*("Documents and things" **includes but is not limited** to all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

## WITNESSES

188.  Produce a **list of all witnesses** this Defendant intends to call at trial.

189.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that identify **any witness(es)** that have or are believed to have knowledge of the facts or circumstances of this wreck.

190.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that identify and tend to identify any **witness(es)** that have or are believed to have knowledge of the facts and circumstances of the collision made the basis of this suit.

191.  Produce all documents and things that identify **person(s)** within the sight or hearing of this wreck.

192.  Produce all **statements** whether recorded, written or otherwise of the **Plaintiff**.

193.  Produce all **statements** whether recorded, written or otherwise of the **Defendant**.

194.  Produce all **statements** whether recorded, written or otherwise of all **witnesses.**

195.   Produce all **statements** whether recorded, written or otherwise of all persons **having any knowledge whatsoever** of the wreck (including witnesses having knowledge of the road, the traffic signs/signals, and the parties to the case).

196.  Produce all **transcripts** of the Plaintiff, Defendant, all witnesses and all person(s) with information related to the wreck made the basis of this claim.

197.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that in any way relate to all **conversation(s)** regarding the wreck made the basis of this lawsuit.

198.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that in any way relate to all **conversation(s), statement(s),** exclamation(s), or declaration(s) regarding the wreck made the basis of this lawsuit.

## INSURANCE COVERAGE

199.  Produce all policies of **insurance** coverage by any name including but not limited to insurance liability policy/policies, umbrella policy/policies, primary insurance policy/policies, secondary insurance policy/policies, uninsured and underinsured motorist policy/policies, fleet policy/policies.

200.  Produce all documents and things (including but not limited to paper documents and electronically stored information) pertaining to **self insurance**.

201.  Produce all **reinsurance** policies of insurance.

202.  Produce the **declarations page** from all insurance policies showing the amount and types of insurance coverage this Defendant had in place or that this Defendant arguably had in place on the date of the wreck made the basis of this claim.

203.  Produce documents and things (including but not limited to paper documents and electronically stored information)demonstrating **available insurance coverage**(s) on the date of the wreck made the basis of this claim.

204.  Produce all policies reflecting **medical payments coverage** (by whatever name).

205.  Produce all insurance policies that are **fleet policies**.

206.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting a **reservation of rights**.

207.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting a **denial of coverage**.

208. Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **insurance coverage on the trailer**.

## PHOTOGRAPHS AND VIDEOS

209.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital **recordings** that **show the wreck** made the basis of this claim taking place.

210.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of the **Plaintiff**.

211.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of the **Defendant**.

212.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **all of the vehicle(s) and the tractor-trailer involved in the wreck made the basis of this claim**.

213.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **the Plaintiff's vehicle and damage to the Plaintiff's vehicle**.

214.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **this Defendant's vehicle tractor-trailer and any damage to this Defendant's vehicle tractor-trailer**.

215.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **damage to any vehicle involved in the wreck made the basis of this claim**.

216.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **the road(s)/intersection(s) where the wreck made the basis of this claim occurred.**

217.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **signs/traffic signals related to the wreck made the basis of this claim**.

218.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings **in any way pertaining to the wreck made the basis of this claim**.

219.   Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of

computers, electronically stored recordings, digital recordings **in any way demonstrating JOSE J. LOPEZ's vision was blocked**.

220.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings **in any way demonstrating JOSE J. LOPEZ was not the cause of the wreck**.

221.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings **showing the point of impact of the vehicle and the truck**.

222.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings **in any way supporting any of the defenses pled in this case.**

223.  Produce all **diagrams, maps and plats, sketches** and the like of the scene of the wreck made the basis of this claim.

224.  Produce all documents and things (including but not limited to paper documents and electronically stored information) regarding **inspections** of the scene of the wreck made the basis of this claim.

225.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating the **coefficient of friction on the roadway** involved in the wreck made the basis of this claim.

## CONDITIONS OF THE VEHICLE/TRUCK

226.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to the **maintenance and repair** of the truck including but not limited to maintenance and repair records for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

227.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to the **maintenance and repair of the vehicle the Plaintiff was operating** on the date of the wreck made the basis of this claim.

228.  Produce all **repair estimates** of the tractor-trailer involved in the wreck including but not limited to repair estimate records for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

229**.**  Produce all **repair estimates** of the trailer involved in the wreck including but not limited to repair estimates for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

230.  Produce all **work orders for repairs** of the tractor-trailer involved in the wreck including but not limited to work orders for repairs for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

231.  Produce all **work orders for repairs** of the trailer involved in the wreck including but not limited to work orders for repairs for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

232.  Produce all **invoices statements for maintenance** of the tractor-trailer involved in the wreck.

233.  Produce all **invoices statements for maintenance** of the trailer involved in the wreck including but not limited to invoices statements for maintenance for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

234.  Produce all pre-wreck and post wreck **inspections of the tractor-trailer and trailer** involved in the wreck.

235.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to **inspections of the vehicle the Plaintiff** occupied on the day of the wreck made the basis of this claim.

236.  Produce all **property damage appraisal(s) related to the tractor-trailer** JOSE J. LOPEZ was operating on the date of the car wreck made the basis of this claim.

237.  Produce **all total loss report(s)** related to the tractor-trailer by whatever name.

238.  Produce all bills for **repair related to the truck** JOSE J. LOPEZ was operating on the date of the wreck made the basis of this claim.

239.  Produce all bills for **repair related to the vehicle the Plaintiffs were operating** on the date of the wreck made the basis of this claim.

240.  Produce all **estimate(s) for repair related to the truck JOSE J. LOPEZ** was operating on the date of the wreck made the basis of this claim.

241.  Produce all documents and things (including but not limited to paper documents and electronically stored information)  **reflecting damage to the truck** JOSE J. LOPEZ was operating on the date of the wreck made the basis of this claim.

242.  Produce all documents and things **reflecting damage to the vehicle the Plaintiffs** were operating on the date of the wreck made the basis of this claim.

243.  Produce all documents and things that demonstrate the governors or controls on the truck involved in this wreck.

## VEHICLE RELATED DOCUMENTS

244.  Produce the **bill of sale** for the truck JOSE J. LOPEZ was operating on the wreck made the basis of this claim.

245.  Produce the **Certificate of Title** on the truck and trailer JOSE J. LOPEZ operated on the date of the wreck made the basis of this claim.

246.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting the **owner of the truck** and trailer JOSE J. LOPEZ operated on the date of the wreck made the basis of this claim.

247.  Produce all **loan and financing documents pertaining to the truck and trailer** JOSE J. LOPEZ operated on the date of the wreck made the basis of this claim.

248.  Produce the **parts and service manual** for truck involved in the wreck.

## IMPEACHMENT SURVEILLANCE

249.  Produce all **surveillance** (*including but not limited to photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings notes*) and writings regarding surveillance of the Plaintiff.

250.  Produce all reports of surveillance of the Plaintiff.

251.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting the names of all persons and businesses that conducted surveillance of the Plaintiff.

252.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating the dates on which surveillance of the Plaintiffs was performed or attempted.

## IMPEACHMENT MEDICALS

253.  Produce all **medical records, medical bills, documents and things** that indicate the Plaintiffs suffered from a **preexisting condition**.

254.  Produce all **medical records, medical bills, documents and things** that demonstrate the **injuries** the Plaintiffs suffered **before the wreck** made the basis of this claim.

255.    Produce all **medical records, medical bills, documents and things** that demonstrate **sicknesses and illnesses** the Plaintiffs suffered **before the wreck** made the basis of this claim.

256.    Produce all **medical records, medical bills, documents and things** that demonstrate the **injuries** the Plaintiffs suffered **after the wreck** made the basis of this claim and that are not related to the wreck.

257.  Produce all documents and things that in any way indicate the Plaintiffs suffered an injury **after the wreck** made the basis of this claim.

258.  Produce all things that support that the Plaintiffs were **not injured as a proximate result** of the wreck made the basis of this claim.

259.    Produce all **communication** that JOSE J. LOPEZ or any of this Defendant's agent(s) has had with the **Plaintiff's medical providers**.

260.    Produce all **communication** that this Defendant's **attorney has had with the Plaintiff's medical providers**.

261.   Produce all writings, notes, CD's, DVD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings this Defendant **has of the Plaintiff's medical providers**.

262.   Produce all writings, notes, CD's, DVD's, recordings, audio recordings, digital videos, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings the Defendant's **attorney has of the Plaintiff's medical providers**.

263.  Produce any and all documents (including but not limited to paper documents and electronically stored information) evidence of **any kind pertaining to the Plaintiff**.

264.   Produce any and all things (including but not limited to paper documents and electronically stored information) evidence of any kind by which this Defendant intends to **impeach the Plaintiff**.

## IMPEACHMENT ALCOHOL DRUG TESTS

265.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **blood test(s) including the results of blood test(s)** for the Plaintiffs on or after the date of the wreck made the basis of this suit.

266.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **urine test(s) the results of urine test(s)**for the Plaintiffs on or after the date of the wreck made the basis of this suit.

267.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **hair follicle test(s)the results of hair follicle test(s)**for the Plaintiffs on or after the date of the wreck made the basis of this suit.

## IMPEACHMENT DAMAGES CLAIMS

268.   Produce all things that support that the Plaintiffs were **not injured to the extent claimed** as a proximate result of the wreck made the basis of this claim.

269.   Produce all documents and things (including but not limited to paper documents and electronically stored information) that in any way **dispute or put into question the Plaintiff's damages claims**.

270.   Produce all documents and things (including but not limited to paper documents and electronically stored information) that in any way **dispute or put into question** the Plaintiff's **lost wages claims**.

## PRIOR CLAIMS AND LAWSUITS OF PLAINTIFF DEFENDANT

271.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting all **lawsuits** filed by the Plaintiffs, lawsuits filed against the Plaintiffs, insurance claims filed related to the Plaintiffs, and settlements entered into by the Plaintiffs.

272.   Produce all **lawsuits and claims filed by** this Defendant.

273.   Produce all **lawsuits and claims filed against** this Defendant.

274.   Produce all documents and things reflecting **settlements** ever entered into by this Defendant.

## IMPEACHMENT OF JOSE J. LOPEZ

275.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **blood test(s), the results of blood test(s),**for the JOSE J. LOPEZ on or after the date of the wreck made the basis of this suit.

276.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **urine test(s) the results of urine test(s)**for the JOSE J. LOPEZ on or after the date of the wreck made the basis of this suit.

277.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **hair follicle test(s)the results of hair follicle test(s)**for the JOSE J. LOPEZ on or after the date of the wreck made the basis of this suit.

## SUBROGATION AND LIENS

278.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating all **hospital liens**.

279.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating all **subrogation interests**.

280.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating a **Medicare lien**.

281.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating a **Medicaid lien**.

## TRUCKING COMPANY SAFETY

282.  Produce all documents and things (including but not limited paper documents and electronically stored information) generated by WERNER ENTERPRISES, INC.'S **Review Board** by whatever name that reviews accidents.

283.  Produce all documents and things (including but not limited paper documents and electronically stored information) demonstrating **corporate safety officers** and the individuals responsible for safety for the corporation.

284.  Produce all **loss prevention records** of WERNER ENTERPRISES, INC. for the last five years.

285.  Produce all documents and things that demonstrate **compliance with the Federal Motor Carrier Safety Regulations** with respect to this wreck.

286.  Produce all records demonstrating the **corporate fleet maintenance program** of WERNER ENTERPRISES, INC. for the last three years.  This request does not include a specific request for the maintenance records on all of WERNER ENTERPRISES, INC.'S fleet of trucks.

287.  Produce WERNER ENTERPRISES, INC.'S **written policy on fleet repair**.

288.  Produce all records demonstrating the **number of trucks and trailers** WERNER ENTERPRISES, INC. owned and leased on the date of the wreck.

289.  Produce WERNER ENTERPRISES, INC.'s **policy on log books**.

290.  Produce WERNER ENTERPRISES, INC.'s **policy on log book audits**.

291.  Produce WERNER ENTERPRISES, INC.'s **safety policies and procedures**.

292.  Produce WERNER ENTERPRISES, INC.'s **policy on random drug testing**.

293.  Produce all **citations, warnings, fines, tickets** issued by any governmental entity pertaining to **drivers of** WERNER ENTERPRISES, INC.  for the past five years before the wreck made the basis of this claim and up to today's date.

294.  Produce all charts, tables or documents (including electronically stored information) reflecting the **hierarchical and or organizational structure of WERNER ENTERPRISES, INC.** showing all departments and divisions.

295.  Produce the **list of log book auditors**.

296.    Produce WERNER ENTERPRISES, INC.'s **written policy on internal investigations**.

297.  Produce WERNER ENTERPRISES, INC.'s **safety ratings**.

298.  Produce WERNER ENTERPRISES, INC.'s **policy on obtaining data from the electronic control modules** after a wreck.

299.  Produce the **advertisements utilized by** WERNER ENTERPRISES, INC. within one year of the date of the wreck and up to today's date.

300.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to **calls received as a result of a bumper sticker** on tractor-trailers and trailer encouraging individuals to call and report the driving and unsafe driving of WERNER ENTERPRISES, INC.'s drivers.

301.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to **telephone calls received regarding the driving and unsafe driving** of WERNER ENTERPRISES, INC.'s drivers.

302.    Produce all **emails received regarding the driving and unsafe driving** of WERNER ENTERPRISES, INC.'s drivers.

303.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to pretrip inspections of JOSE J. LOPEZ.

304.  Produce all **pretrip inspections** of JOSE J. LOPEZ on the day of the wreck and from August 7, 2015 to August 27, 2015 (ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

305.    Produce all notes, memoranda, etc. **of any investigation** conducted before consulting an attorney.

## BLACK BOX DATA

306.  Produce the electronic control module from the vehicle JOSE J. LOPEZ was driving on the day of the wreck.

307.  Produce all **data from electronic control modules** from the vehicle operated by the **Defendant** in the wreck made the basis of this claim.

308.  Produce all **data from electronic control modules** from the vehicle operated by the **Plaintiff** or in which the Plaintiff was an occupant in the wreck made the basis of this claim.

309.  Produce all documents and things **resulting from electronic control modules from the vehicle(s)** involved in the wreck made the basis of this claim. *("Documents and things" includes all letter(s), email(s), note(s), photograph(s), DVD's, CD's, electronically stored information, digital data, data stored on the Defendant JOSE J. LOPEZ's computers, data stored on computers the Defendant JOSE J. LOPEZ's uses)*

310.  Produce all electronic control module whether or not referred to as an ECM or black box from the vehicle involved in the wreck made the basis of this claim.

*/s/ Mary Amari Bruce*
MARY AMARI BRUCE (AMA009)
Attorney for Plaintiff

**OF COUNSEL:**
Mezrano Law Firm
1801 Oxmoor Road
Homewood, Alabama 35209
Telephone: (205) 206-6300
E-mail: mabruce@mezrano.com

**TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MARIA CRISTINA COLIN GOMEZ | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No.** |
| **v.** | ) |
| | ) |
| JOSE J. LOPEZ, | ) |
| WERNER ENTERPRISES, INC., AND | ) |
| FICTITIOUS DEFENDANTS; | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S REQUESTS FOR ADMISSIONS
## PROPOUNDED UNTO DEFENDANT, JOSE J. LOPEZ

COMES NOW, the Plaintiff in the above-styled cause and requests the Defendant, JOSE J. LOPEZ, admit to the following Requests for Admissions within the time required by the Alabama Rules of Civil Procedure.

## INSTRUCTIONS

These Request for Admission will assist the trial court and all parties in narrowing the issues for trial. All attorneys are required to reach reasonable agreements and stipulations to assist the trial courts in narrowing the issues in cases by the Alabama Rules of Civil Procedure and Code of Professional Conduct.

Please not that the Alabama Rules of Civil <u>Procedure require you make an investigation and to either admit or deny each Request for Admission.</u> A discovery obstruction technique may involve stating "insufficient information" as a reason to refuse or fail to either admit or deny a Request for Admission. <u>It is not in compliance with the Alabama Rules of Civil Procedure to state that you do not have sufficient information</u> to either admit or deny a Request for Admission.

<u>*"The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter*."</u>

<u>*"An answering party may not give lack of information or knowledge as a reason for failure to admit or deny*</u> *unless the party states the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny*."

Please note the Interrogatory included with these Request for Admissions requires you to identify the "reasonable inquiry" made by you to obtain information to either admit or deny each Request for Production.

If you fail to respond to any Request for Admission as required by the Alabama Rules of Civil Procedure the Plaintiff will be forced to seek judicial intervention to compel compliance with the Alabama Rules of Civil Procedure and will seek the costs and attorney's fees associated with any such Motion to Compel.

The Alabama Rules of Civil Procedure do not contemplate nor do they allow "general objections". If you assert "general objections" to any Request for Admission the Plaintiff will be forced to seek judicial intervention to strike such general objections and to compel compliance with the Alabama Rules of Civil Procedure and will seek the costs and attorney's fees associated with any such Motion to Compel.

1. Admit that jurisdiction and venue of this matter is proper in the Circuit Court of Jefferson County, Alabama.

2. Admit that the Circuit Court of Jefferson County, Alabama has personal jurisdiction over the parties to this action.

3. Admit that the Circuit Court of Jefferson County, Alabama has subject matter jurisdiction over this case.

4. Admit that the car wreck in this cause occurred on August 17, 2015.

5. Admit that the car wreck with the Plaintiff MARIA CRISTINA COLIN GOMEZ occurred on August 17, 2015 in Jefferson County, Alabama.

6. Admit that JOSE J. LOPEZ was involved in a car wreck with the Plaintiff, MARIA CRISTINA COLIN GOMEZ on August 17, 2015.

7. Admit the vehicle operated by JOSE J. LOPEZ hit the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ on August 17, 2015.

8. Admit that JOSE J. LOPEZ was involved in a car wreck on I-459 in Jefferson County on August 17, 2015.

9. Admit that JOSE J. LOPEZ crashed into a vehicle occupied by MARIA CRISTINA COLIN GOMEZ on August 17, 2015.

10. Admit that on August 17, 2015 JOSE J. LOPEZ crashed the vehicle he operated into a vehicle occupied by the Plaintiff MARIA CRISTINA COLIN GOMEZ on I-459 in Jefferson County, Alabama.

11. Admit that I-459 in the location where the car wreck occurred was dry at the time of the wreck on August 17, 2015.

12. Admit that JOSE J. LOPEZ did not maintain his lane and struck the Plaintiff, MARIA CRISTINA COLIN GOMEZ's vehicle on August 17, 2015.

13. Admit that JOSE J. LOPEZ failed to maintain a safe distance and struck the Plaintiff, MARIA CRISTINA COLIN GOMEZ's vehicle.

14. Admit that JOSE J. LOPEZ failed to keep a proper lookout vehicle on I-459 on August 17, 2015 and as a result crashed into the vehicle the Plaintiff, MARIA CRISTINA COLIN GOMEZ occupied.

15. Admit that JOSE J. LOPEZ improperly changed lanes on August 17, 2015 which resulted in him crashing into the vehicle occupied by the Plaintiff, MARIA CRISTINA COLIN GOMEZ.

16. Admit that JOSE J. LOPEZ knew on August 17, 2015, that he had a duty to keep a proper lookout for his vehicle and other vehicles around him.

17. Admit that JOSE J. LOPEZ knew on August 17, 2015, that he was not to enter into the lane that Plaintiff MARIA CRISTINA COLIN GOMEZ occupied.

18. Admit that on August 17, 2015, Code of Alabama Title 32 "Rules Of The Road" required JOSE J. LOPEZ not to cause his truck to enter into the lane Plaintiff MARIA CRISTINA COLIN GOMEZ was occupying causing a collision on August 17, 2015.

19. Admit JOSE J. LOPEZ changing lanes into the lane Plaintiff MARIA CRISTINA COLIN GOMEZ occupied was the cause of the car wreck on August 17, 2015.

20. Admit JOSE J. LOPEZ changed lanes into the lane Plaintiff MARIA CRISTINA COLIN GOMEZ was occupying on August 17, 2015 before the truck he was operating hit the vehicle MARIA CRISTINA COLIN GOMEZ occupied.

21. Admit that the Plaintiff, MARIA CRISTINA COLIN GOMEZ, was traveling at an appropriate speed on August 17, 2015 when JOSE J. LOPEZ crashed the vehicle he operated into the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ.

22. Admit that the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ, was driving straight on I-459 on August 17, 2015, when JOSE J. LOPEZ crashed the vehicle he was operating into the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ.

23. Admit that the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ, had been driving an appropriate speed on August 17, 2015, when JOSE J. LOPEZ crashed the vehicle he was operating into the vehicle occupied by Plaintiff, MARIA CRISTINA COLIN GOMEZ.

24. Admit that Alabama law required that JOSE J. LOPEZ have full and complete knowledge of the Code of Alabama Title 32 "Rules Of The Road" on August 17, 2015.

25. Admit that you were aware of the "Alabama Rules of the Road" included in Alabama Code 32-5A-1 through 32-5A-286 on August 17, 2015.

26. Admit that Defendant's, JOSE J. LOPEZ's negligence proximately caused the collision made the basis of this lawsuit.

27. Admit that the Defendant's, JOSE J. LOPEZ's, wantonness proximately caused the collision made the basis of this lawsuit.

28. Admit that the Defendant's, JOSE J. LOPEZ's, negligence was the sole proximate cause of the collision with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

29. Admit that Defendant's, JOSE J. LOPEZ's, wantonness was the sole proximate cause of the collision with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

30. Admit that Defendant's, JOSE J. LOPEZ's, negligence was a proximate cause of the collision with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

31. Admit that Defendant's, JOSE J. LOPEZ's, wantonness was a proximate cause of the collision with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

32. Admit that Plaintiff, MARIA CRISTINA COLIN GOMEZ, did nothing to cause the collision.

33. Admit that the Plaintiff, MARIA CRISTINA COLIN GOMEZ did nothing to proximately cause or contribute to the motor vehicle collision between Plaintiff, MARIA CRISTINA COLIN GOMEZ and Defendant, JOSE J. LOPEZ on August 17, 2015.

34. Admit that the Plaintiff was not contributorily negligent in the motor vehicle collision involving Plaintiff, MARIA CRISTINA COLIN GOMEZ and Defendant JOSE J. LOPEZ on August 17, 2015.

35. Admit that the Plaintiff did not assume any risk in the motor vehicle collision between Plaintiff, MARIA CRISTINA COLIN GOMEZ and Defendant JOSE J. LOPEZ on August 17, 2015.

36. Admit that this car wreck could have been avoided if JOSE J. LOPEZ had not entered into the lane that Plaintiff MARIA CRISTINA COLIN GOMEZ was already occupying causing the collision into Plaintiff MARIA CRISTINA COLIN GOMEZ.

37. Admit that the Plaintiff MARIA CRISTINA COLIN GOMEZ was injured in the car wreck.

38. Admit that the vehicle operated by MARIA CRISTINA COLIN GOMEZ was damaged as a result of the car wreck of  August 17, 2015.

39. Admit that the vehicle operated by JOSE J. LOPEZ was damaged as a result of the car wreck on August 17, 2015.

40. Admit that the Plaintiff's, MARIA CRISTINA COLIN GOMEZ's, medical bills were ordinary and reasonable charges.

41. Admit that it was necessary for the Plaintiff, MARIA CRISTINA COLIN GOMEZ to incur medical bills as a result of her injuries.

42. Admit that JOSE J. LOPEZ did not suffer from any medical conditions or problems on August 17, 2015.

43. Admit that JOSE J. LOPEZ did not suffer from any medical conditions or problems on August 17, 2015 that contributed to cause the car wreck between Plaintiff, MARIA CRISTINA COLIN GOMEZ and Defendant, JOSE J. LOPEZ.

44. Admit that the Defendant's, JOSE J. LOPEZ's, vision of the vehicle occupied by the Plaintiff, MARIA CRISTINA COLIN GOMEZ, was not obscured or blocked by anything at the time of the motor vehicle collision made the basis of this lawsuit.

45. Admit that there was no superseding or intervening cause that contributed to the Defendant's, JOSE J. LOPEZ's, actions in this incident made the basis of Plaintiff's Complaint.

46. Admit that there was not a sudden emergency that caused or contributed to the Defendant's, JOSE J. LOPEZ's, actions in this incident made the basis of Plaintiffs Complaint.

47. Admit Plaintiff MARIA CRISTINA COLIN GOMEZ was not in any way contributory negligent.

48. Admit that the Plaintiff, MARIA CRISTINA COLIN GOMEZ, could not have done anything to avoid the car wreck.

49. Admit that there are no facts to support any defense of "capacity".

50. Admit that there are no facts to support any defense of "set off or credit".

51. Admit that there are no facts to support any defense of "last clear chance".

52. Admit that service process on the Defendant was sufficient and proper.

53. Admit that the Plaintiff did not have the "last clear chance".

54. Admit that there are no facts to support any defense of "statute of limitations".

55. Admit that there are no facts to support any defense of "standing".

56. Admit that there are no facts to support any defense of "waiver".

57. Admit that there are no facts to support any defense of "accord and satisfaction".

58. Admit that there are no facts to support any defense of "mitigation of damages".

59. Admit that on August 17, 2015 there were no defects with I-459 in the location where the car wreck occurred that in any way contributed to causing the car wreck.

60. Admit that no defects with the road caused or contributed to the car wreck JOSE J. LOPEZ was involved in on August 17, 2015 with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

61. Admit that no foreign objects or material in the roadway caused or contributed to the car wreck JOSE J. LOPEZ was involved in on August 17, 2015 with Plaintiff, MARIA CRISTINA COLIN GOMEZ.

62. Admit that there was no mechanical defect or mechanical failure of the vehicle operated by JOSE J. LOPEZ that contributed to the car wreck she was involved in on August 17, 2015.

63. Admit that this car wreck could have been avoided if JOSE J. LOPEZ had kept a proper lookout and not entered into the lane the Plaintiff, MARIA CRISTINA COLIN GOMEZ's vehicle was occupying.

64. Admit that this car wreck could have been avoided if JOSE J. LOPEZ had been maintaining a safe distance from the Plaintiff's vehicle.

65. For each Request for Admission that you were unable to answer for any reason describe in detail the "reasonable inquiry" made by you to attempt to obtain information to either admit or deny the Request for Admission. (Note: Ala. R. Civ. Proc. 36(a) provides "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.")

**(Note: Ala. R. Civ. Proc. 36(a) provides "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.")**

*/s/ Mary Amari Bruce*
MARY AMARI BRUCE (AMA009)
Attorney for Plaintiff

**OF COUNSEL:**
The Mezrano Law Firm, P.C.
1801 Oxmoor Road, Suite 100
Homewood, Alabama 35209
(205) 206-6300
Email: mabruce@mezrano.com

**PLEASE SERVE REQUESTS FOR ADMISSION
ALONG WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/3/2017 4:00 PM
01-CV-2017-903227.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MARIA CRISTINA COLIN GOMEZ | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No.** |
| **v.** | ) |
| | ) |
| JOSE J. LOPEZ, | ) |
| WERNER ENTERPRISES, INC., AND | ) |
| FICTITIOUS DEFENDANTS; | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S REQUESTS FOR PRODUCTION TO THE DEFENDANT, WERNER ENTERPRISES, INC.

# LITIGATION DOCUMENTS

1.  Produce all exhibits/evidence this Defendant intends to introduce in the trial of this case.

2.  Produce all documents and things that have been listed in the Defendant's Witness and Exhibit List.

3.  Produce all documents and things that this Defendant relies on in the **defense** of the case**.**

4.  Produce all documents and things that support or tend to support this Defendant's **affirmative defense(s).**

5.  Produce all documents and things that **provide any basis for this Defendant's affirmative defense(s).**

6.  Produce all documents and things that support or tend to support any of the following defenses: "sudden emergency", "last clear chance", "mechanical defect", "proximate cause", "causation", "contributory negligence", "that the car wreck made the basis of this claim was the fault of someone other than the Defendant", "insufficiency or lack of service of process", "lack of jurisdiction", "statute of limitations", "standing", "waiver", "accord and satisfaction", "assumption of the risk", "intervening and or superseding cause or event", "causation regarding the injuries or damages", "mitigation of damages", and "set off or credit".

7.  Produce all **codes** and **regulations** *including but not limited to* the Code of Federal Regulations and the Federal Motor Carrier Safety Act regulations this Defendant contends have any applicability in this case.

8.  Produce all documents, evidence and things that indicate the wreck in this case was caused by the **fault of someone or something other than the parties listed** in the Complaint.

9.  Produce all documents, evidence and things that indicate the wreck in this case was caused by a **mechanical defect.**

10.  Produce all documents, evidence and things that indicate the wreck in this case was caused by a **defect or problem with the roadway.**

11.  Produce all documents, evidence and things that indicate the wreck in this case was caused by a **defect or problem with any traffic signals or traffic signs or lack thereof.**

12.  Produce all **statutes** this Defendant contends has any applicability to this case.

13.  Produce all **regulations** this Defendant contends has any applicability to this case.

14.  Produce all **treatises and books** this Defendant contends has any applicability to this case.

15.  Produce all **standards** this Defendant contends has any applicability to this case.

16.  Produce all **laws** this Defendant contends has any applicability to this case.

17.  Produce a copy of all documents that have been **subpoenaed.**

18.  Produce all **depositions** taken in this case.

19.  Produce a copy of all **depositions the Defendant** JOSE J. LOPEZ has ever given.

20.  Produce all **digital computer animations** related to this case.

21.  Produce all **physical evidence** removed from the scene of the wreck.

22.  Produce all **Power Point presentations** related to this case.

23.  Produce all things including but not limited to documents, photographs, videos, evidence and or exhibits that the Defendant knows of or anticipates the use of at trial.

24.  Produce all things pertaining to the wreck of August 17, 2015.

25.  Produce a copy of all documents and things (including but not limited to paper documents and electronically stored information) this Defendant **provided to each and every expert** and all materials provided to this Defendant by each and every expert whom this Defendant expects to call at trial.

26.   Produce all written reports and notes from each and every **expert whom this Defendant expects to call** at trial.

27.   Produce all **correspondence and emails to and from each expert** this Defendant intends to call as a witness at trial.

28.   Produce all **depositions** this Defendant's expert has given in the past ten years for each expert this Defendant intends to call at trial.

29.   Produce a copy of each and every **resume/curriculum vitae of each expert** this Defendant intends to call at trial.

30.   Produce all **reports** in which an expert this Defendant has retained has expressed an opinion.

31.   Produce all **reports** in which an expert has expressed an opinion for each expert this Defendant expects to call at trial.

32.   Produce documents and things (including but not limited to paper documents and electronically stored information) related to all **experiments performed**.

33.   Produce the entire **file of all experts** this Defendant intends to call at the trial of this case (including but not limited to all paper files and electronic files).

34.   Produce all documents, electronically stored information, things and reports demonstrating any **accident reconstruction** of this wreck.

# DRIVER SPECIFIC DOCUMENTS

35.   Produce a copy of JOSE J. LOPEZ's **birth certificate**.

36.   Produce a copy of JOSE J. LOPEZ's **Social Security Card**.

37.   Produce a copy of all **journals** of JOSE J. LOPEZ.

38.   Produce a copy of all **notes** JOSE J. LOPEZ has made in any way pertaining to the wreck.

39.   Produce JOSE J. LOPEZ's **driver's history.** (See 49 CFR §391.23)

40.   Produce all **citations, warnings, fines, tickets** issued by any governmental entity pertaining to JOSE J. LOPEZ.

41.   Produce all documents and things **reflecting wrecks** JOSE J. LOPEZ has had in the past.

42.  Produce all **police reports reflecting wrecks** JOSE J. LOPEZ has had in the past.

43.  Produce all **tax returns** of JOSE J. LOPEZ for the past ten years to determine JOSE J. LOPEZ's financial capability to pay a judgment or pay a judgment in excess of the policy limits of WERNER ENTERPRISES, INC.'s insurance.

44.  Produce all JOSE J. LOPEZ's **credit card statements** reflecting purchases JOSE J. LOPEZ made on the day of the wreck and one day before the wreck made the basis of this claim.

45.  Produce all JOSE J. LOPEZ's **debit card statements** reflecting purchases JOSE J. LOPEZ made on the day of the wreck and one day before the wreck made the basis of this claim.

46.  Produce all JOSE J. LOPEZ's **fuel card statements** reflecting purchases JOSE J. LOPEZ made on the day of the wreck and for the month of the wreck made the basis of this claim.

47.  Produce all **record of duty status, driver's daily log, log book, logs, mileage logs** (by whatever name) reflecting JOSE J. LOPEZ's "hours of service and mileage from **February 21, 2014 through December 30, 2014** (See 49 CFR §395.8). This request includes all electronically stored information *(including but not limited to data generated by any automatic on-board recording device that meets the requirements of 49 CFR §395.15). (Please be mindful that Plaintiff's counsel is fully aware of the practices of professional CDL drivers having represented many in personal injury and worker's compensation cases and has been informed by every driver that he/she cannot profit or make money without generating a set of log books that falsify the hours of service. Therefore, this request includes a request for any log books that ever falsified any hours of service.)*

48.  Produce all sets of log books **record of duty status, driver's daily log, log book, logs, mileage logs** (by whatever name) that JOSE J. LOPEZ generated while employed by WERNER ENTERPRISES, INC. reflecting JOSE J. LOPEZ's "hours of service and mileage (See 49 CFR §395.8). This request includes all electronically stored information *(including but not limited to data generated by any automatic on-board recording device that meets the requirements of 49 CFR §395.15). (Please be mindful that Plaintiff's counsel is fully aware of the practices of professional CDL drivers having represented many in personal injury and worker's compensation cases and has been informed by every driver that he/she cannot profit or make money without generating a set of log books that falsify the hours of service. Therefore, this request includes a request for any log books that ever falsified any hours of service.)*

49.  Produce all **emails** JOSE J. LOPEZ sent and received on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

50.  Produce a print out of JOSE J. LOPEZ's **electronic calendar and paper calendar** for the day of the wreck made the basis of this claim.

# DRIVER CELLULAR TELEPHONE RECORDS

51.   Produce all cellu**lar telephone records, statements, bills, documents and things reflecting calls** made by JOSE J. LOPEZ and calls JOSE J. LOPEZ received on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

52.   Produce all text messages JOSE J. LOPEZ sent and received on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

53.   Produce all cellular telephone records, statements, bills, documents and things reflecting **text messages** made by JOSE J. LOPEZ and/or text messages JOSE J. LOPEZ received in the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

54.   Produce a **print out of all text messages** made by JOSE J. LOPEZ and/or text messages JOSE J. LOPEZ received on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

55.   Produce all **cellular telephone records** for cellular telephones JOSE J. LOPEZ **used** on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim. *(This request does not seek the substance of any communication and does not seek any communication with your attorneys and therefore does not call for privileged or otherwise protected information.)*

56.   Produce all documents and things that indicate the **electronic device** JOSE J. LOPEZ had on the date of the wreck. *(Electronic device includes but is not limited to a cellular phone, personal digital assistant, pager, computer, or any other device used to input, write, send, receive, or read text)*

57.   Produce all **lawsuits and claims filed by** JOSE J. LOPEZ.

58.   Produce all **lawsuits and claims against** JOSE J. LOPEZ.

59. Produce all documents and things reflecting **settlements** ever entered into by JOSE J. LOPEZ.

60. Produce **all claims, payments, and correspondence related to the damage** to the tractor-trailer and vehicle JOSE J. LOPEZ drove on the date of the wreck.

## DRIVER'S HEALTH

61. Produce all records pertaining to the **vision** of JOSE J. LOPEZ such as optometrist records, ophthalmology records, eye glasses prescriptions, eye tests, and contact lenses prescriptions.

62. Produce all **prescriptions for medications** pertaining to JOSE J. LOPEZ one year before and since the wreck made the basis of this claim.

63. Produce all document and things that demonstrate companies and entities that have provided **health insurance** for JOSE J. LOPEZ.
*("Documents and things"* **includes but is not limited to** *all electronically stored information, digital data, stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

64. Produce all **medical records** pertaining to JOSE J. LOPEZ one year before and since the wreck made the basis of this claim.

## DRIVER'S CRIMINAL HISTORY

65. Produce all records related to JOSE J. LOPEZ ever being arrested and/or convicted of a crime.

66**.** Produce all documents (*including but not limited to paper documents and electronically stored information*) reflecting all **arrest(s),** **notifications of convictions pursuant to 49 CFR §383.31**, conviction(s), pleas of guilty, pleas, pleas of nolo contendre, youthful offender actions, petitions for protection from abuses (PFA), deferred prosecution(s) , probation, revocation of probation of JOSE J. LOPEZ.

## EMPLOYMENT DOCUMENTS FROM THE TRUCKING COMPANY EMPLOYER

67. Produce the **personnel file** for JOSE J. LOPEZ (See 49 CFR § 391.51)

68. Produce the **driver qualification file** for JOSE J. LOPEZ (See 49 CFR § 391.51 and § 391.21)
69. Produce a copy of JOSE J. LOPEZ'S most current **resume**.

70. Produce the **application** for employment for JOSE J. LOPEZ (See 49 CFR § 391.51)
71. Produce a copy of JOSE J. LOPEZ's most current **certificate of written examination.**

72.  Produce a copy of all JOSE J. LOPEZ's **written examination(s) and the answers thereto.**

73.  Produce the **motor vehicle record received from each State pursuant to §391.23(a)(1)**

74.  Produce the **certificate of driver's road test issued to the driver pursuant to § 391.31(e)**

75.  Produce the **license or certificate which the motor carrier accepted as equivalent to the driver's road test** pursuant to § 391.33.

76.  Produce the motor vehicle record received from each State driver licensing agency pursuant to the **annual driver record inquiry required by § 391.25(a)**

77.  Produce the **note(s) relating to the annual review of JOSE J. LOPEZ's driving record as required by § 391.25(c)(2)**

78.  Produce the **motor vehicle record** received from each State driver licensing agency to the annual driver record inquiry required by § 391.25(a) pertaining to JOSE J. LOPEZ.

79.  Produce a **list or certificate relating to violations of motor vehicle laws and ordinances required by § 391.27 pertaining to JOSE J. LOPEZ.**

80.  Produce the **medical examiner's certificate** as required by § 391.43(g) or a legible copy of the certificate.

81.  Produce all **records from the CDLIS** (49 CFR §383.5 Commercial Driver's License Information System) pertaining to JOSE J. LOPEZ.

82.  Produce the **motor vehicle record defined at § 384.105 from the CDLIS** pertaining to JOSE J. LOPEZ.

83.  Produce JOSE J. LOPEZ'S current **medical examiner's certificate** that was submitted to the State.

84.  Produce all **medical variance(s)** from FMCSA required to be in the driver's file (See § 391.51(b)(8) )

85.  Produce the **Skill Performance Evaluation Certificate** obtained from a Field Administrator, Division Administrator, or State Director issued in accordance with § 391.49 for JOSE J. LOPEZ.

86.  Produce the **Medical Exemption document,** issued by a Federal medical program in accordance with part 381.

87.   Produce all records relating to **verification of medical examiner listing on the National Registry of Certified Medical Examiners** required by § 391.23(m).

88.   Produce all documents and things that demonstrate JOSE J. LOPEZ was in the **line and scope of employment** at the time of the wreck made the basis of this claim.
*("Documents and things" **includes but is not limited to** all electronically stored information, digital data, stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

89.   Produce all **employment time cards** for JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

90.   Produce all work and **employment records** pertaining to JOSE J. LOPEZ.   (See 49 CFR § 383.35)

91.   Produce all **"out-of-service order(s)"** pertaining to JOSE J. LOPEZ.

92.   Produce the list of the **names and addresses of the applicant's previous employers** for which the applicant was an operator of a commercial motor vehicle.

93.   Produce all records, documents and things (***including but not limited to paper documents and electronically stored information***)that have been retained related to JOSE J. LOPEZ's **driving history and employment history**.

94.   Produce the list or certificate relating to **violations** of motor vehicle laws and ordinances required by § 391.27.

95.   Produce all documents and things (*including but not limited to paper documents and electronically stored information*) reflecting that JOSE J. LOPEZ **refused to undergo any testing**.  (49 CFR §383.51 refusal to undergo testing)

96.   Produce all documents and things reflecting that JOSE J. LOPEZ was an **employee**, independent, owner-operator contractor.

97.   Produce all **workers compensation** claims pertaining to JOSE J. LOPEZ.

98.   Produce all **termination** records regarding JOSE J. LOPEZ.

99.   Produce all **disciplinary records** regarding JOSE J. LOPEZ.

100.  Produce all **promotion records** regarding JOSE J. LOPEZ.

101.  Produce all **payment records** regarding JOSE J. LOPEZ.
102.  Produce all **time sheets** regarding JOSE J. LOPEZ.

103.  Produce all **duty rosters** regarding JOSE J. LOPEZ.

104.  Produce all **schedules** regarding JOSE J. LOPEZ.

105.  Produce all **company forms that were used** during the time period that the JOSE J. LOPEZ has been employed with WERNER ENTERPRISES, INC.

106. Produce all **checklist(s)** provided to JOSE J. LOPEZ.

107.  Produce all **checklist(s)** provided to or used during the time that JOSE J. LOPEZ was an employee.

108. Produce all **manuals** including but not limited to **operating manuals** provided to JOSE J. LOPEZ.

109.  Produce all **manuals** including but not limited to **operating manuals** provided to or used during the time that JOSE J. LOPEZ was an employee.

110.  Produce all **manuals** provided to JOSE J. LOPEZ.

111.  Produce all **manuals** provided to or used during the time that JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

112. Produce all **written instructions and electronic instructions** provided to JOSE J. LOPEZ.

113.  Produce all **written instructions and electronic instructions** provided to or used during the time that JOSE J. LOPEZ was an employee.

114. Produce all **handbook(s)** provided to JOSE J. LOPEZ.

115.  Produce all **handbook(s)** provided to or used during the time that JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

116. Produce all **guidelines** provided to JOSE J. LOPEZ.

117.  Produce all **guidelines** provided to or used during the time that JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

118. Produce all **pamphlet(s)** provided to JOSE J. LOPEZ.

119.  Produce all **pamphlet(s)** provided to or used during the time that the JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

120. Produce all **maintenance logs** for the motor vehicle (the tractor-trailer) involved in the wreck on August 17, 2015 for one year prior (before) to August 17, 2015 and six months after August 17, 2015.

121. Produce all **inspection lists** provided to the JOSE J. LOPEZ.

122.  Produce all **manuals** provided to or used during the time that the JOSE J. LOPEZ was an employee of WERNER ENTERPRISES, INC.

123.    Produce the **investigation of the driver's safety performance history** with Department of Transport regulated employers during the preceding three years. (See 49 CFR § 391.23)

124.    Produce all **motor vehicle record(s) obtained in response to the inquiry or inquiries to each State required by paragraph 49 CFR § 391.23 (a)(1)** as part of the **investigation of the driver's safety performance history** that must be placed in the driver qualification file within 30 days of the date the driver's employment begins and be retained in compliance with § 391.51.

125.  Produce all documents (including but not limited to paper and electronically stored information) placed in the **driver qualification file** (including paper documents and electronically stored information) for JOSE J. LOPEZ within 30 days of the date of the driver's employment in compliance with § 391.51.

126.  Produce all documents (including but not limited to paper and electronically stored information) demonstrating the **documentation of the "good faith effort" and certification the motor carrier made in its attempt obtain State motor vehicle records** for JOSE J. LOPEZ when the state contended no such records existed. (*See 49 CFR § 391.23 replies to the investigations of the driver's safety performance history required by paragraph (a)(2) of this section, or documentation of good faith efforts to obtain the investigation data, must be placed in the driver investigation history file, after October 29, 2004, within 30 days of the date the driver's employment begins*)

127.  Produce all documents (including but not limited to paper and electronic data) regarding the **investigation of JOSE J. LOPEZ**.  (*See 49 CFR § 391.23 The investigation may consist of personal interviews, telephone interviews, letters, or any other method for investigating that the carrier deems appropriate. Each motor carrier must make a written record with respect to each previous employer contacted, or good faith efforts to do so. The record must include the previous employer's name and address, the date the previous employer was contacted, or the attempts made, and the information received about the driver from the previous employer. Failures to contact a previous employer, or of them to provide the required safety performance history information, must be documented. The record must be maintained pursuant to § 391.53.Prospective employers should report failures of previous employers to respond to an investigation to the FMCSA following procedures specified at § 386.12 of this chapter and keep a copy of such reports in the Driver Investigation file as part of documenting a good faith effort to obtain the required information.*)

128.  Produce the **"Driver's Investigation file"** (See 49 CFR § 391.23*)

129.   Produce all documents and things reflecting **internal investigations** of JOSE J. LOPEZ.
(*"Documents and things"* **includes but is not limited to** *all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

130.   Produce all **files of "accidents"** maintained by WERNER ENTERPRISES, INC. (See 49 CFR § 390.15) (This request includes all paper files and electronic files)

131.   Produce all documents (*including but not limited to paper and electronically stored information*) pertaining to **"accidents"** involving JOSE J. LOPEZ.   (See 49 CFR § 391.23 and 49 CFR § 390.5*)*

132.   Produce all documents (*including but not limited to paper and electronically stored information*) indicating JOSE J. LOPEZ ever **tested positive on an alcohol test or drug test**.(See 49 CFR § 391.23 and 49 CFR § 382 *)*

133.   Produce all documents (*including but not limited to paper documents and electronically stored information*) indicating JOSE J. LOPEZ was **terminated by a previous employer** because he **tested positive on an alcohol test or drug test**.(See 49 CFR § 391.23 and 49 CFR § 382 *)*

134.   Produce all documents (*including but not limited to paper and electronically stored information*) indicating JOSE J. LOPEZ ever refused **an alcohol test or drug test**.(See 49 CFR § 391.23 and 49 CFR § 382*)*

135.   Produce the **Medical Examiner's certificate** for JOSE J. LOPEZ.(See 49 CFR § 391.43*)*

136.   Produce all documents (including but not limited to paper and electronically stored information) related to WERNER ENTERPRISES, INC.'s **compliance with 49 CFR §391**.

137.   Produce all **course materials** for courses (including safety course(s), safe driving course(s), defensive driving course(s), and training course(s) ) completed by the JOSE J. LOPEZ.  This request includes but is not limited to documents, handouts, memos, manuals, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives.

138.   Produce the **certificate of driver's road test** for driver JOSE J. LOPEZ.

139.   Produce the **record road test for the driver** JOSE J. LOPEZ.

# LICENSE HISTORY

140.   Produce the JOSE J. LOPEZ's **commercial learner's permit**.   (See 49 CFR §383.25)

141.  Produce all driver's **license disqualifications** (See 49 CFR **§**383 Disqualification of driver's license).

142.   Produce JOSE J. LOPEZ's **driver's license(s) and commercial driver's license(s)** in all states in which JOSE J. LOPEZ has been licensed to drive. (See 49 CFR **§**383.5)

143.   Produce JOSE J. LOPEZ'S **driver's license history and commercial driver's license history** from every state in which JOSE J. LOPEZ was/is licensed to drive.

144.  Produce all documents and things reflecting the **suspension(s), revocation(s), and reinstatement(s)** of JOSE J. LOPEZ's driver's license and commercial driver's license.
*("Documents and things" **includes but is not limited to** all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

145.   Produce all documents and things reflecting **restrictions and endorsements** on JOSE J. LOPEZ's driver's license and commercial driver's license.
*("Documents and things" **includes but is not limited to** all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

# DOCUMENTS RELATED TO THE DAY OF THE WRECK AND THE TRIP

146.   Produce all documents (*including but not limited to paper documents and electronically stored information*) reflecting **leases, subleases, trip leases** and the like pertaining to JOSE J. LOPEZ.

147.  Produce the contract agreement related to the **load that was being hauled** on the day of the wreck.

148.  Produce the all documents and things (*including but not limited to paper documents and electronically  stored information*) demonstrating the **load that was being hauled** and the weight of the load that was being hauled at the time of the wreck.

149.  Produce the all documents and things (*including but not limited to paper documents and electronically  stored information*) demonstrating the complete **weight of the truck, tractor-trailer including the load**.

150.  Produce all **dispatch records** on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

151.  Produce all **bills of lading** pertaining to this case (*including but not limited to paper documents and electronically stored information*).

152.   Produce all **loading tickets** for the day of the wreck (*including but not limited to paper documents and electronically stored information*).

153.   Produce all documents and things (including but not limited to paper and electronically stored information) reflecting **how the wreck made the basis of this claim happened**.

154.   Produce all **police report**(s) and report(s) of law enforcement authorities regarding the wreck made the basis of this claim (*including but not limited to paper documents and electronically stored information*).

155.   Produce all **amendments and changes** to the police report(s) and reports of law enforcement authorities regarding the wreck made the basis of this claim.

156.   Produce all **report(s) of any kind** pertaining to the wreck made the basis of this claim (*including but not limited to paper documents and electronically stored information*).

157.   Produce all **report(s) by any name from insurance** company (ies) regarding the wreck made the basis of this claim.

158.   Produce all **government agency** report(s) by any name regarding the wreck made the basis of this claim.

159.   Produce all receipt(s) for **all purchases** JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

160.   Produce all receipt(s) for all **food purchases** JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

161.   Produce all receipt(s) for all **alcohol purchases** JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

162.   Produce all the **credit card statements** reflecting purchases JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

163.   Produce all **bank statements** (by whatever name) reflecting **credit and debit(s) purchases** made by JOSE J. LOPEZ on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

164. Produce all **fuel card statements** of this Defendant reflecting purchases JOSE J. LOPEZ made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

165. Produce all **invoice(s)** for all purchases made on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

166. Produce all **billing(s)** JOSE J. LOPEZ generated on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

167. Produce all **scale ticket(s)** JOSE J. LOPEZ generated on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

168. Produce all documents (including but not limited to paper documents and electronically stored information) JOSE J. LOPEZ generated on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

169. Produce all **record of duty status, driver's daily log, log book, logs, mileage log(s)** (by whatever name) of JOSE J. LOPEZ's "hours of service" and mileage that cover the time periods of the day of the wreck, six months before and up to the day of the wreck and six months after the day of the wreck made the basis of this claim.(See 49 CFR §395.8) This request includes all electronically stored information (*including but not limited to data generated by any automatic on-board recording device that meets the requirements of 49 CFR§ 395.15*).(*Please be mindful that Plaintiff's counsel is fully aware of the practices of professional CDL drivers having represented many in personal injury and workers compensation cases and has been informed by every driver that he/she cannot profit or make money without generating a set of log books that falsify the hours of service. Therefore, this request includes a request for any log books that falsified any hours of service ever.*)

170. Produce all sets of **log books record of duty status, driver's daily log, log book, logs, mileage log(s)** (by whatever name) that JOSE J. LOPEZ generated **while employed by WERNER ENTERPRISES, INC.** reflecting JOSE J. LOPEZ's "hours of service" and mileage (See 49 CFR §395.8)This request includes all electronically stored information (*including but not limited to data generated by any automatic on-board recording device that meets the requirements of 49 CFR§ 395.15*). (*Please be mindful that Plaintiff's counsel is fully aware of the practices of professional CDL drivers having represented many in personal injury and workers compensation cases and has been informed by every driver that he/she cannot profit or make money without generating a set of log books that falsify the hours of service. Therefore, this request includes a request for any log books that falsified any hours of service ever.*)

171.  Produce all **trip sheets, trip envelopes, trip papers** (by whatever name) reflecting JOSE J. LOPEZ's travel on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

172.  Produce all **notes** of WERNER ENTERPRISES, INC.  regarding the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

173.  Produce all **electronically stored information** JOSE J. LOPEZ generated on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

174.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting how JOSE J. LOPEZ **left the scene.**
*("Documents and things" **includes but is not limited to** all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

175.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **who picked up** JOSE J. LOPEZ from the scene of the wreck made the basis of this claim.
*("Documents and things" **includes but is not limited to** all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

176.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that **reflect the starting point** of JOSE J. LOPEZ's trip on the day of the wreck made the basis of this claim.
*("Documents and things" **includes but is not limited to** all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

177.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that reflect JOSE J. LOPEZ's **destination** of the day of the wreck made the basis of this claim.

178.  Produce all **GPS data** that demonstrates the various locations of the Commercial Motor Vehicle JOSE J. LOPEZ drove on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

179.  Produce all **GPS data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

180.  Produce all **data on board recording devices** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

181.  Produce all **satellite data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

182.  Produce all **tracking device information** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

183.  Produce all **qualcom data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

184.  Produce all **rapid deceleration data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

185.  Produce all **rapid acceleration data** related to JOSE J. LOPEZ for the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

186.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating **individuals following** JOSE J. LOPEZ's on the day of the wreck made the basis of this claim.
*("Documents and things" **includes but is not limited** to all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

187.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating **individuals that were following** JOSE J. LOPEZ on the day of the wreck made the basis of this claim.
*("Documents and things" **includes but is not limited** to all electronically stored information, digital data,  stored data, DVD's, CD's, photographs, USB flash drives, letters, notes, emails)*

# WITNESSES

188.  Produce a **list of all witnesses** this Defendant intends to call at trial.

189.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that identify **any witness(es)** that have or are believed to have knowledge of the facts or circumstances of this wreck.

190.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that identify and tend to identify any **witness(es)** that have or are believed to have knowledge of the facts and circumstances of the collision made the basis of this suit.

191.  Produce all documents and things that identify **person(s)** within the sight or hearing of this wreck.

192.  Produce all **statements** whether recorded, written or otherwise of the **Plaintiff**.

193.  Produce all **statements** whether recorded, written or otherwise of the **Defendant**.

194.  Produce all **statements** whether recorded, written or otherwise of all **witnesses.**

195.  Produce all **statements** whether recorded, written or otherwise of all persons **having any knowledge whatsoever** of the wreck (including witnesses having knowledge of the road, the traffic signs/signals, and the parties to the case).

196.  Produce all **transcripts** of the Plaintiff, Defendant, all witnesses and all person(s) with information related to the wreck made the basis of this claim.

197.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that in any way relate to all **conversation(s)** regarding the wreck made the basis of this lawsuit.

198.  Produce all documents and things (including but not limited to paper documents and electronically stored information) that in any way relate to all **conversation(s), statement(s),** exclamation(s), or declaration(s) regarding the wreck made the basis of this lawsuit.

# INSURANCE COVERAGE

199.  Produce all policies of **insurance** coverage by any name including but not limited to insurance liability policy/policies, umbrella policy/policies, primary insurance policy/policies, secondary insurance policy/policies, uninsured and underinsured motorist policy/policies, fleet policy/policies.

200.  Produce all documents and things (including but not limited to paper documents and electronically stored information) pertaining to **self insurance**.

201.  Produce all **reinsurance** policies of insurance.

202.  Produce the **declarations page** from all insurance policies showing the amount and types of insurance coverage this Defendant had in place or that this Defendant arguably had in place on the date of the wreck made the basis of this claim.

203.  Produce documents and things (including but not limited to paper documents and electronically stored information)demonstrating **available insurance coverage**(s) on the date of the wreck made the basis of this claim.

204.  Produce all policies reflecting **medical payments coverage** (by whatever name).

205.  Produce all insurance policies that are **fleet policies**.

206.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting a **reservation of rights**.

207.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting a **denial of coverage**.

208. Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **insurance coverage on the trailer**.

## PHOTOGRAPHS AND VIDEOS

209.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital **recordings** that **show the wreck** made the basis of this claim taking place.

210.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of the **Plaintiff**.

211.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of the **Defendant**.

212.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **all of the vehicle(s) and the tractor-trailer involved in the wreck made the basis of this claim**.

213.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **the Plaintiff's vehicle and damage to the Plaintiff's vehicle**.

214.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **this Defendant's vehicle tractor-trailer and any damage to this Defendant's vehicle tractor-trailer**.

215.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **damage to any vehicle involved in the wreck made the basis of this claim**.

216.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **the road(s)/intersection(s) where the wreck made the basis of this claim occurred.**

217.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings of **signs/traffic signals related to the wreck made the basis of this claim**.

218.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings **in any way pertaining to the wreck made the basis of this claim**.

219.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings **in any way demonstrating JOSE J. LOPEZ's vision was blocked**.

220.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings **in any way demonstrating JOSE J. LOPEZ was not the cause of the wreck**.

221.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings **showing the point of impact of the vehicle and the truck**.

222.  Produce all photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings **in any way supporting any of the defenses pled in this case.**

223.  Produce all **diagrams, maps and plats, sketches** and the like of the scene of the wreck made the basis of this claim.

224.  Produce all documents and things (including but not limited to paper documents and electronically stored information) regarding **inspections** of the scene of the wreck made the basis of this claim.

225.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating the **coefficient of friction on the roadway** involved in the wreck made the basis of this claim.

# <u>CONDITIONS OF THE VEHICLE/TRUCK</u>

226.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to the **<u>maintenance and repair</u>** of the truck including but not limited to maintenance and repair records for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

227.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to the **<u>maintenance and repair of the vehicle the Plaintiff was operating</u>** on the date of the wreck made the basis of this claim.

228.  Produce all **<u>repair estimates</u>** of the tractor-trailer involved in the wreck including but not limited to repair estimate records for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

229**.**  Produce all **<u>repair estimates</u>** of the trailer involved in the wreck including but not limited to repair estimates for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

230.  Produce all **<u>work orders for repairs</u>** of the tractor-trailer involved in the wreck including but not limited to work orders for repairs for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

231.  Produce all **<u>work orders for repairs</u>** of the trailer involved in the wreck including but not limited to work orders for repairs for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

232.  Produce all **<u>invoices statements for maintenance</u>** of the tractor-trailer involved in the wreck.

233.  Produce all **<u>invoices statements for maintenance</u>** of the trailer involved in the wreck including but not limited to invoices statements for maintenance for one year before the wreck up to the date of the wreck, the date of the wreck and up to today's date.

234.  Produce all pre-wreck and post wreck **<u>inspections of the tractor-trailer and trailer</u>** involved in the wreck.

235.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to **<u>inspections of the vehicle the Plaintiff</u>** occupied on the day of the wreck made the basis of this claim.

236.  Produce all **<u>property damage appraisal(s) related to the tractor-trailer</u>** JOSE J. LOPEZ was operating on the date of the car wreck made the basis of this claim.

237.  Produce **<u>all total loss report(s)</u>** related to the tractor-trailer by whatever name.

238.  Produce all bills for **repair related to the truck** JOSE J. LOPEZ was operating on the date of the wreck made the basis of this claim.

239.  Produce all bills for **repair related to the vehicle the Plaintiffs were operating** on the date of the wreck made the basis of this claim.

240.  Produce all **estimate(s) for repair related to the truck JOSE J. LOPEZ** was operating on the date of the wreck made the basis of this claim.

241.  Produce all documents and things (including but not limited to paper documents and electronically stored information)  **reflecting damage to the truck** JOSE J. LOPEZ was operating on the date of the wreck made the basis of this claim.

242.  Produce all documents and things **reflecting damage to the vehicle the Plaintiffs** were operating on the date of the wreck made the basis of this claim.

243.  Produce all documents and things that demonstrate the governors or controls on the truck involved in this wreck.

## VEHICLE RELATED DOCUMENTS

244.  Produce the **bill of sale** for the truck JOSE J. LOPEZ was operating on the wreck made the basis of this claim.

245.  Produce the **Certificate of Title** on the truck and trailer JOSE J. LOPEZ operated on the date of the wreck made the basis of this claim.

246.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting the **owner of the truck** and trailer JOSE J. LOPEZ operated on the date of the wreck made the basis of this claim.

247.  Produce all **loan and financing documents pertaining to the truck and trailer** JOSE J. LOPEZ operated on the date of the wreck made the basis of this claim.

248.  Produce the **parts and service manual** for truck involved in the wreck.

## IMPEACHMENT SURVEILLANCE

249.  Produce all **surveillance** (*including but not limited to photographs, film, unprocessed film, videos, DVD's, CD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings notes*) and writings regarding surveillance of the Plaintiff.

250.  Produce all reports of surveillance of the Plaintiff.

251.  Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting the names of all persons and businesses that conducted surveillance of the Plaintiff.

252.  Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating the dates on which surveillance of the Plaintiffs was performed or attempted.

## IMPEACHMENT MEDICALS

253.  Produce all **medical records, medical bills, documents and things** that indicate the Plaintiffs suffered from a **preexisting condition**.

254.   Produce all **medical records, medical bills, documents and things** that demonstrate the **injuries** the Plaintiffs suffered **before the wreck** made the basis of this claim.

255.   Produce all **medical records, medical bills, documents and things** that demonstrate **sicknesses and illnesses** the Plaintiffs suffered **before the wreck** made the basis of this claim.

256.   Produce all **medical records, medical bills, documents and things** that demonstrate the **injuries** the Plaintiffs suffered **after the wreck** made the basis of this claim and that are not related to the wreck.

257.  Produce all documents and things that in any way indicate the Plaintiffs suffered an injury **after the wreck** made the basis of this claim.

258.  Produce all things that support that the Plaintiffs were **not injured as a proximate result** of the wreck made the basis of this claim.

259.   Produce all **communication** that JOSE J. LOPEZ or any of this Defendant's agent(s) has had with the **Plaintiff's medical providers**.

260.   Produce all **communication** that this Defendant's **attorney has had with the Plaintiff's medical providers**.

261.  Produce all writings, notes, CD's, DVD's, recordings, audio recordings, digital videos, movies, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings this Defendant **has of the Plaintiff's medical providers**.

262.  Produce all writings, notes, CD's, DVD's, recordings, audio recordings, digital videos, electronically stored data, stored data on hard drives of computers, electronically stored recordings, digital recordings the Defendant's **attorney has of the Plaintiff's medical providers**.

263.  Produce any and all documents (including but not limited to paper documents and electronically stored information) evidence of **any kind pertaining to the Plaintiff**.

264.   Produce any and all things (including but not limited to paper documents and electronically stored information) evidence of any kind by which this Defendant intends to **impeach the Plaintiff**.

## IMPEACHMENT ALCOHOL DRUG TESTS

265.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **blood test(s) including the results of blood test(s)** for the Plaintiffs on or after the date of the wreck made the basis of this suit.

266.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **urine test(s) the results of urine test(s)** for the Plaintiffs on or after the date of the wreck made the basis of this suit.

267.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **hair follicle test(s)the results of hair follicle test(s)** for the Plaintiffs on or after the date of the wreck made the basis of this suit.

## IMPEACHMENT DAMAGES CLAIMS

268.   Produce all things that support that the Plaintiffs were **not injured to the extent claimed** as a proximate result of the wreck made the basis of this claim.

269.   Produce all documents and things (including but not limited to paper documents and electronically stored information) that in any way **dispute or put into question the Plaintiff's damages claims**.

270.   Produce all documents and things (including but not limited to paper documents and electronically stored information) that in any way **dispute or put into question** the Plaintiff's **lost wages claims**.

## PRIOR CLAIMS AND LAWSUITS OF PLAINTIFF DEFENDANT

271.   Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting all **lawsuits** filed by the Plaintiffs, lawsuits filed against the Plaintiffs, insurance claims filed related to the Plaintiffs, and settlements entered into by the Plaintiffs.

272.   Produce all **lawsuits and claims filed by** this Defendant.

273.   Produce all **lawsuits and claims filed against** this Defendant.

274.   Produce all documents and things reflecting **settlements** ever entered into by this Defendant.

# IMPEACHMENT OF JOSE J. LOPEZ

275. Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **blood test(s), the results of blood test(s)**,for the JOSE J. LOPEZ on or after the date of the wreck made the basis of this suit.

276. Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **urine test(s) the results of urine test(s)**for the JOSE J. LOPEZ on or after the date of the wreck made the basis of this suit.

277. Produce all documents and things (including but not limited to paper documents and electronically stored information) reflecting **hair follicle test(s)the results of hair follicle test(s)**for the JOSE J. LOPEZ on or after the date of the wreck made the basis of this suit.

# SUBROGATION AND LIENS

278. Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating all **hospital liens**.

279. Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating all **subrogation interests**.

280. Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating a **Medicare lien**.

281. Produce all documents and things (including but not limited to paper documents and electronically stored information) demonstrating a **Medicaid lien**.

# TRUCKING COMPANY SAFETY

282. Produce all documents and things (including but not limited paper documents and electronically stored information) generated by WERNER ENTERPRISES, INC.'S **Review Board** by whatever name that reviews accidents.

283. Produce all documents and things (including but not limited paper documents and electronically stored information) demonstrating **corporate safety officers** and the individuals responsible for safety for the corporation.

284. Produce all **loss prevention records** of WERNER ENTERPRISES, INC. for the last five years.

285. Produce all documents and things that demonstrate **compliance with the Federal Motor Carrier Safety Regulations** with respect to this wreck.

286.  Produce all records demonstrating the **corporate fleet maintenance program** of WERNER ENTERPRISES, INC. for the last three years.  This request does not include a specific request for the maintenance records on all of WERNER ENTERPRISES, INC.'S fleet of trucks.

287.  Produce WERNER ENTERPRISES, INC.'S **written policy on fleet repair**.

288.  Produce all records demonstrating the **number of trucks and trailers** WERNER ENTERPRISES, INC. owned and leased on the date of the wreck.

289.  Produce WERNER ENTERPRISES, INC.'s **policy on log books**.

290.  Produce WERNER ENTERPRISES, INC.'s **policy on log book audits**.

291.  Produce WERNER ENTERPRISES, INC.'s **safety policies and procedures**.

292.  Produce WERNER ENTERPRISES, INC.'s **policy on random drug testing**.

293.  Produce all **citations, warnings, fines, tickets** issued by any governmental entity pertaining to **drivers of** WERNER ENTERPRISES, INC.  for the past five years before the wreck made the basis of this claim and up to today's date.

294.  Produce all charts, tables or documents (including electronically stored information) reflecting the **hierarchical and or organizational structure of WERNER ENTERPRISES, INC.** showing all departments and divisions.

295.  Produce the **list of log book auditors**.

296.    Produce WERNER ENTERPRISES, INC.'s **written policy on internal investigations**.

297.  Produce WERNER ENTERPRISES, INC.'s **safety ratings**.

298.  Produce WERNER ENTERPRISES, INC.'s **policy on obtaining data from the electronic control modules** after a wreck.

299.  Produce the **advertisements utilized by** WERNER ENTERPRISES, INC. within one year of the date of the wreck and up to today's date.

300.  Produce all documents and things (including but not limited to paper documents and electronically stored information) related to **calls received as a result of a bumper sticker** on tractor-trailers and trailer encouraging individuals to call and report the driving and unsafe driving of WERNER ENTERPRISES, INC.'s drivers.

301.   Produce all documents and things (including but not limited to paper documents and electronically stored information) related to **telephone calls received regarding the driving and unsafe driving** of WERNER ENTERPRISES, INC.'s drivers.

302.   Produce all **emails received regarding the driving and unsafe driving** of WERNER ENTERPRISES, INC.'s drivers.

303.   Produce all documents and things (including but not limited to paper documents and electronically stored information) related to pretrip inspections of JOSE J. LOPEZ.

304.   Produce all **pretrip inspections** of JOSE J. LOPEZ on the day of the wreck and from August 7, 2015 to August 27, 2015(ten days preceding the wreck and ten days after the wreck) made the basis of this claim.

305.   Produce all notes, memoranda, etc. **of any investigation** conducted before consulting an attorney.

# **BLACK BOX DATA**

306.   Produce the electronic control module from the vehicle JOSE J. LOPEZ was driving on the day of the wreck.

307.   Produce all **data from electronic control modules** from the vehicle operated by the **Defendant** in the wreck made the basis of this claim.

308.   Produce all **data from electronic control modules** from the vehicle operated by the **Plaintiff** or in which the Plaintiff was an occupant in the wreck made the basis of this claim.

309.   Produce all documents and things **resulting from electronic control modules from the vehicle(s)** involved in the wreck made the basis of this claim.
*("Documents and things" includes all letter(s), email(s), note(s), photograph(s), DVD's, CD's, electronically stored information, digital data, data stored on the Defendant JOSE J. LOPEZ's computers, data stored on computers the Defendant JOSE J. LOPEZ's uses)*

310.   Produce all electronic control module whether or not referred to as an ECM or black box from the vehicle involved in the wreck made the basis of this claim.

**Respectfully submitted:**

***/s/ Mary Amari Bruce***
MARY AMARI BRUCE (AMA009)
Attorney for Plaintiff

<u>**OF COUNSEL:**</u>
Mezrano Law Firm
1801 Oxmoor Road
Homewood, Alabama 35209
Telephone: (205) 206-6300
E-mail: mabruce@mezrano.com

**TO BE SERVED WITH THE SUMMONS AND COMPLAINT**



AlaFile E-Notice

01-CV-2017-903227.00

To:  MARY AMARI BRUCE
     mabruce@mezrano.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL
01-CV-2017-903227.00

The following complaint was FILED on 8/3/2017 4:01:45 PM

Notice Date:      8/3/2017 4:01:45 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903227.00

To:   JOSE J. LOPEZ
      2934 WILLOW RIDGE CIRC SO
      GAINESVILLE, GA, 30504

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL
01-CV-2017-903227.00

The following complaint was FILED on 8/3/2017 4:01:45 PM

Notice Date:      8/3/2017 4:01:45 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903227.00

To:  WERNER ENTERPRISES, INC.
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL
01-CV-2017-903227.00

The following complaint was FILED on 8/3/2017 4:01:45 PM

Notice Date:     8/3/2017 4:01:45 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-903227.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL

**NOTICE TO:** JOSE J. LOPEZ, 2934 WILLOW RIDGE CIRC SO, GAINESVILLE, GA 30504

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MARY AMARI BRUCE
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1801 OXMOOR ROAD, SUITE 1600, HOMEWOOD, AL 35209  .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARIA CRISTINA COLIN GOMEZ

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 8/3/2017 4:01:45 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ MARY AMARI BRUCE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on  .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in  County,

*(Name of Person Served)*                                   *(Name of County)*

Alabama on  .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-903227.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL

**NOTICE TO:** WERNER ENTERPRISES, INC., 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MARY AMARI BRUCE
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1801 OXMOOR ROAD, SUITE 1600, HOMEWOOD, AL 35209
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARIA CRISTINA COLIN GOMEZ

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 8/3/2017 4:01:45 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ MARY AMARI BRUCE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*              *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          *(Address of Server)*

*(Type of Process Server)*          *(Server's Signature)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL

01-CV-2017-903227.00

To: CLERK BIRMINGHAM
    clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $26.60

Parties to be served by Certified Mail - Return Receipt Requested

JOSE J. LOPEZ                                          Postage: $13.30
2934 WILLOW RIDGE CIRC SO
GAINESVILLE, GA 30504

WERNER ENTERPRISES, INC.                              Postage: $13.30
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$   CV2017 903227  S/C D1

Total Postage and Fees
$

Sent To  *Jose J. Lopez*

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7017 1070 0001 1577 1456

PS Form 3800, April 2015 PSN 7530-02-000-6047        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOSE J. LOPEZ
2934 WILLOW RIDGE CIRC SO
GAINESVILLE, GA 30504

CV2017 903227 S/C D1

9590 9402 3068 7124 2728 80

2. Article Number *(Transfer from service label)*
7017 1070 0001 1577 1456

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature                  ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                  ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery              ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7017 1070 0001 1577 1463

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$          CV2017 903227  S/C D2

Total Postage and Fees
$

Sent To   Werner Enterprises, Inc
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

Postmark Here

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

WERNER ENTERPRISES, INC.
D2
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

CV2017 903227  S/C D2

9590 9402 3068 7124 2728 73

2. Article Number *(Transfer from service label)*

7017 1070 0001 1577 1463

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                     ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery  Merchandise
☐ Insured Mail                       ☐ Signature Confirmation™
☐ Insured Mail Restricted Delivery   ☐ Signature Confirmation
                                       Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

## SENDER: *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   WERNER ENTERPRISES, INC.
   62
   2 NORTH JACKSON STREET
   SUITE 605
   MONTGOMERY, AL 36104

   CV2017 903227 SJC D2

   9590 9402 3068 7124 2728 73

2. Article Number *(Transfer from service label)*

   7017 1070 0001 1577 1463

## *COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _Laura McHaney_
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
8.10.17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   Mail Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



USPS TRACKING #

9590 9402 3068 7124 2728 73

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
AUG 14 2017
ANNE-MARIE ADAMS
CLERK

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203



**AlaFile E-Notice**

01-CV-2017-903227.00

Judge: PAT BALLARD

To:  AMARI MARY TERESA
      mabruce@mezrano.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL
01-CV-2017-903227.00

The following matter was served on 8/10/2017

D002 WERNER ENTERPRISES, INC.
Corresponding To
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903227.00

Judge: PAT BALLARD

To:   MEZRANO STEVEN MICHAEL
      steven@mezrano.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL
01-CV-2017-903227.00

The following matter was served on 8/10/2017

D002 WERNER ENTERPRISES, INC.
Corresponding To
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOSE J. LOPEZ

2934 WILLOW RIDGE CIRC SO

GAINESVILLE, GA 30504



9590 9402 3068 7124 2728 80

2. Article Number *(Transfer from service label)*

7017 1070 0001 1577 1456

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

Jose J Lopez           8-14-17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Mail
    ... Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

## USPS TRACKING #



9590 9402 3068 7124 2728 80

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box*

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

AUG 16 2017

ANNE-MARIE ADAMS
CLERK



AlaFile E-Notice

01-CV-2017-903227.00

Judge: PAT BALLARD

To:   AMARI MARY TERESA
mabruce@mezrano.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL
01-CV-2017-903227.00

The following matter was served on 8/14/2017

D001 LOPEZ JOSE J.

Corresponding To

CERTIFIED MAIL

S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903227.00

Judge: PAT BALLARD

To:  MEZRANO STEVEN MICHAEL
     steven@mezrano.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARIA CRISTINA COLIN GOMEZ V. JOSE J. LOPEZ ET AL
01-CV-2017-903227.00

The following matter was served on 8/14/2017

D001 LOPEZ JOSE J.

Corresponding To

CERTIFIED MAIL

S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov